[Civ. No. 749.   Second Appellate District.—March 10, 1910.]

## WESTERN LUMBER AND MILL COMPANY, a Corporation, Respondent, v. MERCHANTS' AMUSEMENT COMPANY et al., Respondents, and J. R. GAGER, Appellant.

## PACIFIC ORNAMENTAL DECORATING COMPANY, a Corporation, Respondent, v. MERCHANTS' AMUSEMENT COMPANY et al., Respondents, and J. R. GAGER, Appellant.

MECHANICS' LIENS—CONSOLIDATED ACTION—COMPLAINT WITHOUT ISSUE —STIPULATION—PROOF OF LIEN—JURISDICTION—JUDGMENT.—In a consolidated action to foreclose mechanics' liens, when no issue was joined upon the complaint in the second action, but all parties were represented by counsel, and the second plaintiff was a defendant in the other action, and appellant was defendant in both actions, and it was stipulated at the trial that the evidence should inure to the benefit of all parties, and plaintiff in the second action proved its lien without objection, the fact that a judgment was rendered against the owner appealing in favor of the plaintiff on the second action implies that the court ascertained that it had jurisdiction both of the subject matter of the second complaint and of the person of appellant before rendering such judgment.

ID.—PRESUMPTION IN SUPPORT OF JURISDICTION.—It will be presumed in favor of the jurisdiction of the superior court that the court acted upon evidence of some kind, when the record shows nothing to the contrary; and it must be presumed that the court properly discharged its duty to determine before hearing a controversy that it had jurisdiction of the cause and of the parties thereto.

ID.—PRESUMPTION OF VERITY OF RECORD.—In all matters of which the judgment contains a record, its verity, in the absence of contrary evidence, will be presumed as fully as upon collateral attack. The record is conclusive as to all matters upon which it speaks, when not impeached by the bill of exceptions.

ID.—RECITAL IN JUDGMENT-ROLL—APPEARANCE OF APPELLANT—CONTEST OF LIEN.—The recital in the judgment-roll that appellant appeared by attorney impliedly to contest the claims of lien of plaintiff in the second suit is supported by the record of the proceedings at the trial, without any attempt to impeach such recital or the evidence tending to establish its truth.

ID.—EFFECT OF APPEARANCE BY ATTORNEY.—The voluntary appearance of a defendant by attorney is equivalent to personal service of the summons and complaint.

Id.—Evidence of Appearance—Judgment-roll—Bill of Exceptions —Contention Unsustained.—Though the code does not require that an appearance shall be made part of the judgment-roll, yet when the judgment-roll recites that appellant appeared in both actions, and there is uncontradicted evidence in the bill of exceptions tending to support such recital, the contention of appellant that the court had no jurisdiction to render the judgment for plaintiff in the second action is unsustained.

Id.—Sufficiency of Complaint—Absence of Demurrer—Proof at Trial—Waiver of Objection.—The objection that the second complaint is insufficient, in not averring either that any sum was due to the contractor, or that the contract price exceeded $1,000, and that the contract was not recorded, was waived, and cannot be urged upon appeal for the first time, when no demurrer was interposed thereto, and it was clearly established by proof at the trial that the contract price far exceeded that sum, and the contract was not recorded. In such case, it was wholly immaterial whether any sum was due to the contractor.

Id.—Notice by Owner—Construction of Code.—Section 1192 of the Code of Civil Procedure does not give to the owner of the property two periods of time in which he may give the notice of nonresponsibility provided for therein. If he has knowledge of the intention to build, he must act on that knowledge within three days thereafter; and if not, he must move with like promptness upon obtaining knowledge of the construction.

Id.—Finding As to Knowledge Rendered Immaterial—Corporation Lessee Agent for Owner.—A finding that the owner did not give notice of nonresponsibility, within three days after knowledge of the intention to build, is rendered immaterial, where a finding is sustained by the evidence that the corporation was organized by the owner and his associates as an agency for the lease of the property thereto for the purpose of constructing a building thereon.

Id.—Finding not Inconsistent With Pleading.—The averment of ownership by the individual owner, and of a lease to the corporation, which constructed the building on his property, is not inconsistent with a finding supported by the evidence that the owner was merely using the corporation as an agency for the construction of such building.

Id.—Owner Acting Through Agent for Building not Entitled to Give Notice.—An owner who acts through an agent to secure the construction of a building on his land in the agent's name is not entitled to give notice of nonresponsibility under section 1192 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. George H. Hutton, Judge.

The facts are stated in the opinion of the court.

Elon G. Galusha, and Gray, Barker & Bowen, for Appellant.

Scarborough & Bowen, for Western Lumber and Mill Co., Respondent.

Haas, Garret & Dunnigan, for Pacific Ornamental Decorating Company, Respondent.

John W. Kemp, and Kemp & Collier, for J. W. Dawson, Contractor, and for Merchants' Amusement Company, Lessee, Respondents.

Lloyd W. Moultrie, for E. G. Judah, Respondent.

Borden & Carhart, for City Mill & Mfg. Co., Whittier-Coburn Co., and L. J. Smith, Respondents.

G. P. Adams, for Howe Brothers, Respondents.

Hickcox & Crenshaw, for United Casting Co., Respondent.

TAGGART, J.—Consolidated action to foreclose mechanics' liens. Complaints were filed by Western Lumber and Mill Company and Pacific Ornamental Decorating Company. In the former action, the owner of the land, Gager, the lessee in whose name the building was constructed, Merchants' Amusement Company, the contractor, J. B. Dawson, and all persons claiming liens, including the plaintiff in the other action, the Pacific Ornamental Decorating Company, were named as defendants. In the action last entitled only the owner, lessee and contractor and two fictitious persons were made defendants. Of the defendant lienors, in the first action, Whittier-Coburn Company, E. G. Judah, City Mill and Manufacturing Company, Mutual (United) Casting Company, Howe Brothers, and L. J. Smith filed answers and cross-complaints. The defendants owner, lessee, and contractor answered to each of the cross-complaints, except that of Howe Brothers, and to the complaint of the Western Lumber and Mill Company, but did not answer the complaint of the Pa-

cific Ornamental Decorating Company, and no answers or cross-complaints were filed by anyone in the action instituted by the last-named plaintiff. Neither did the Pacific Ornamental Decorating Company file an answer or cross-complaint in the other action. Judgment was given for both plaintiffs and all the lien claimants who appeared, and a sale of the premises to satisfy the liens ordered.

This appeal is by Gager, the owner of the land upon which the building was constructed. It is contended that as to the action of the Pacific Ornamental Decorating Company, the record fails to show that jurisdiction was ever acquired of the person of the appellant, and that as to him the complaint filed by that corporation states no cause of action. A reversal of the entire judgment is also asked upon the grounds that the evidence does not sustain the finding of the trial court that appellant's attempt to post a notice of nonliability under section 1192 of the Code of Civil Procedure was ineffective, because not posted in accordance with the provisions of the section, or, the finding that the Merchants' Amusement Company was merely the agent of appellant in the construction of the building on his premises, and that therefore appellant was not entitled to give the notice provided by that section.

The copy of the judgment-roll in the transcript, which is certified to be full, true and correct, contains no evidence of any service of summons or of the complaint of the Pacific Ornamental Decorating Company upon any of the defendants therein named, of any appearance by either or any of them, or of any issue joined upon any of the allegations of the complaint, and the only finding or recital in this respect is found in the findings of fact that "the plaintiffs and cross-complainants, and the various defendants appearing by their respective attorneys," etc. The bill of exceptions recites that upon the trial of the consolidated actions the attorneys for the Western Lumber and Mill Company appeared for the plaintiff, while the names of the attorneys signing the complaint in the other action appear as attorneys "for the defendant, the Pacific Ornamental Decorating Company." Appellant was represented at the trial by counsel, and it was stipulated by the parties, and ordered by the court, that "any testimony introduced in the case will be introduced

for the benefit of all the parties to the suit represented upon the trial''; and also, ''that it may be deemed that the defendants Gager and Dawson and Merchants' Amusement Company specifically deny each of the allegations in each of the cross-complaints, except the allegation that Gager is the owner of the property, . . . except also where answers are filed to such cross-complaints the case will stand on such answers.'' Unless the complaint of the Pacific Ornamental Decorating Company is assumed to have been treated the same as a cross-complaint in the other action, the latter stipulation would affect only the defendant Howe Brothers.

It is apparent from the stipulation as to the evidence, and the introduction of the notice and lien of the Pacific Ornamental Decorating Company without objection, that all parties assumed that corporation to be properly before the court to present its lien and obtain a judgment, if otherwise entitled. The question of jurisdiction was not raised at the trial, and seems to hinge upon whether or not the recital in the findings that there was such an appearance by Gager is sufficient to sustain the judgment against the attack here made.

The fact that a judgment was rendered against Gager in favor of the Pacific Ornamental Decorating Company implies that the court ascertained that it had jurisdiction of both the subject matter of the complaint and the person of appellant before rendering such judgment. It will be presumed in support of the judgment of a court of record that the court acted upon evidence of some kind. If the record discloses a recital in the judgment or judgment-roll that jurisdiction has been acquired, or facts from which jurisdiction may be inferred, there is no occasion to invoke the presumption; it is only when the record is silent that the necessity for the presumption arises. To assume that a court has proceeded to hear a controversy before determining that it had jurisdiction of the cause and the parties to the controversy would involve the presumption that the court had failed to do its duty, and such a presumption is never indulged. (*In re Eichhoff,* 101 Cal. 600, [36 Pac. 11].) While the attack upon the judgment in the case cited was a collateral one, it was said by the supreme court in another case in which the jurisdiction of the trial court to enter a judgment was ques-

tioned on a direct appeal: ''The presumption of verity which attaches to the record of a domestic judgment is the same upon a direct appeal therefrom as exists in the collateral attack, the only difference being that upon a direct appeal it is essential for the party seeking to sustain the judgment to show by the record itself that the court had jurisdiction of the defendant, whereas in a collateral attack the entry of the judgment is itself conclusive of such jurisdiction. Upon a direct attack there is no presumption in favor of the existence of any fact essential to the jurisdiction of the court over the defendant; but in all matters of which the judgment contains a record, its verity, in the absence of any contradictory evidence, will be presumed as fully as upon collateral attack. The defendant may, upon a direct appeal, by bill of exceptions, present evidence outside of the record for the purpose of showing that the court did not have jurisdiction over him, while in a collateral attack such objection is available only when it appears from the record itself. In both cases the record is conclusive as to all matters as to which it speaks, unless impeached in the foregoing manner.'' (*Sichler* v. *Look*, 93 Cal. 600, 606, [29 Pac. 220].) No effort was made to impeach the recital of the trial court that the appellant appeared by attorney at the trial of the issues raised by the Pacific Ornamental Decorating Company's complaint. The same rule which permits the record to be impeached also allows a showing to be made in support of the recitals in the record, and the latter may be aided by the presentation of any facts upon which, if they appeared in the judgment-roll, a finding of jurisdiction might be predicated. The recital in the judgment-roll that appellant appeared by attorney, impliedly to contest the claim of the Pacific Ornamental Decorating Company, is supported by the record of the proceedings at the trial, while, on the other hand, no attempt is made to impeach either the recital or the evidence tending to establish its truth. The voluntary appearance of a defendant is equivalent to personal service of summons and complaint. (Code Civ. Proc., sec. 416.) A defendant appears in an action when he answers, demurs, or gives the plaintiff written notice of his appearance, or when an attorney gives notice of an appearance for him. (Code Civ. Proc., sec. 1014.) The code does not require such an appearance to be made a

part of the judgment-roll (*Lyons* v. *Roach*, 84 Cal. 27, 29, [23 Pac. 1026]), and if the judgment-roll were silent, the presumption that the court had some evidence to sustain it in assuming jurisdiction would be supported by the facts in the bill of exceptions above mentioned, and there is no evidence in conflict with this. There being, however, a recital in the judgment-roll that appellant appeared in both actions, and uncontradicted evidence tending to sustain the recital in the bill of exceptions, the contention that the court was without jurisdiction to render judgment in favor of the Pacific Ornamental Decorating Company cannot be sustained.

It is contended that the complaint of the Pacific Ornamental Decorating Company does not state a cause of action because it neither alleges that there was anything due from the owner to the contractor at the time the lien was filed, nor that the contract was for an amount exceeding $1,000 and not recorded. No demurrer to the complaint was filed and the evidence at the trial disclosed, and the court found that the contract was to erect a building for a price exceeding $1,000, and that the contract was not recorded. This issue having been tried and a general finding made thereon as to all the parties to both actions, without objection by appellant, or limitation by the court, it must be presumed that the trial was had and the finding made in support of the claim of the decorating company. It is, therefore, too late to object to the absence of this allegation, if necessary (which we are not to be understood as holding), at this time. It is conceded that if it had been alleged that there was a contract for an amount exceeding $1,000 which was not recorded, it would have been unnecessary to allege there was anything due on the contract in order to bind the owner.

The finding of the trial court that appellant did not post notices under section 1192 within three days after he had obtained knowledge of the intended construction of the building thereon, and not within three days after he obtained knowledge of the actual work of construction, etc., is rendered immaterial by the other finding that the corporation lessee was the mere agent of the owner of the land in the erection and construction of the building, and that such an owner was not entitled to give the notice under section 1192, Code of Civil Procedure. No other inference could well be

drawn from the evidence than that Gager had full knowledge of, and participated in, all the acts of the corporation, either in person or by representative. He had knowledge of the intention to build as early as there was such an intention, and the lease was given to the defendant corporation and the corporation was formed for the purpose of erecting the building in question. We do not understand that the law gives to an owner two periods at which he may give the notice provided by section 1192. If he has knowledge of the intention to build, he must act on that knowledge, and at once (within three days) post the notice that all materialmen, artisans and laborers may know that he will not be responsible. If he has no knowledge of the intention upon which to act, he must move with like promptness upon obtaining knowledge of the construction. As above said, however, this is rendered immaterial, as the evidence justifies the finding that Gager was himself merely using the corporation as an instrument to carry out the venture in which that body was engaged.

We do not think the latter finding is inconsistent with the pleadings. It is true that it was both alleged and stipulated that Gager was the owner of the premises, and that the amusement company was the lessee, but neither the ownership of the former nor the holding of the lease by the latter prevented the latter from acting as the agent of the former in constructing the building. If it were alleged that Gager was the owner and the evidence disclosed that the work was done in the name of a corporation which he organized and controlled and through which he acted, a finding that he acted through such corporation as his agent would be sustained. (*Shorb* v. *Beaudry,* 56 Cal. 446; *Cornell* v. *Corbin,* 64 Cal. 197, [30 Pac. 629]; *Hunt* v. *Davis,* 135 Cal. 31, [66 Pac. 957].)

Judgment and order affirmed.

Allen, P. J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 9, 1910, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 9, 1910.