Argued January 30, reversed February 20, 1917.

## WILSON v. GEVURTZ.*

(163 Pac. 86.)

**Mechanics' Liens—Agreement of Owner—Tenant Agreeing to Make Repairs.**

1. Under Section 7416, L. O. L., as to mechanics' liens, making every person having charge of the repair, etc., of a building the agent of the owner for the purpose of the act, the estate of a lessor is not subject to a lien for labor contracted for by his lessee who has covenanted to make all necessary repairs at his own expense.

**Mechanics' Liens—Agreement of Owner—Implied Consent—Improvement by Lessor—Posted Notice of Nonresponsibility.**

2. Under Section 7419, L. O. L., providing that the interest of an owner shall be subject to liens for work done with his knowledge, unless within three days after obtaining such knowledge he posts in a conspicuous place a notice that he will not be responsible, an owner's interest is not subject to such lien because of constructive notice to him from the fact that his tenant's lease obligated the tenant to make repairs, where prior to and during the time of such repair work for the tenant the owner keeps posted in a conspicuous place on the building a notice that he will not be responsible for any work done on the building under instructions from anyone but himself.

> [As to mechanics' liens on realty for improvements made with the consent, but not at the expense, of the owner, see note in Ann. Cas. 1916C, 1133.]

———————

*On power of lessee or vendee to subject owner's interest to mechanics' liens, see note in 23 L. R. A. (N. S.) 601.     REPORTER.

From Multnomah: GEORGE N. DAVIS, Judge.

Department 2. Statement by MR. JUSTICE MC-
CAMANT.

This suit is brought by Thomas J. Wilson against
Phil Gevurtz, M. Pallay, B. Pallay and Wm. Druck to
foreclose a mechanic's lien on the Highland Court
Apartments, situate on the northeast corner of Twenty-
second and Glisan Streets, in the City of Portland.
The decree adjudged a lien on the premises of defend-
ants, M. Pallay and B. Pallay, the owners of the prop-
erty.                    REVERSED.    SUIT DISMISSED.

For appellants there was a brief and an oral argu-
ment by *Mr. Thomas Mannix.*

For respondent there was a brief over the name of
*Messrs. Lewis & Lewis,* with an oral argument by *Mr.
Arthur H. Lewis.*

MR. JUSTICE MCCAMANT delivered the opinion of the
court.

It appears from the pleadings and the testimony in
the case that during the months of June and July,
1914, plaintiff did some plastering, kalsomining and
painting on the interior walls of the Highland Court
Apartments; the work was done under employment
by Philip Gevurtz, the lessee in possession of the
property. Appellants are the owners of the property,
and it is not contended that plaintiff had any contract
with them. The lease under which Gevurtz was in
possession of the property contained the following
provision:

"The said lessee shall at his own cost and expense
keep the interior of the said premises in proper repair
and tenantable order during all of the term of this

lease, including the doors and windows thereof, and ·
the fixtures therein and all the interior walls, plumb-
ing, pipes, wiring, telephones and elevators as may
become necessary, except such repairs and altera-
tions that shall result from or on account of the
structural defects in said building or from the ordinary
wear and tear thereof, or damages by fire or the ele-
ments, or acts of God.''

Section 7416 of Lord's Oregon Laws provides in
part as follows:

''Every mechanic, * * contractor, * * laborer, * *
and other person performing labor upon or furnish-
ing material * * to be used in the construction, altera-
tion, or repair * * of any building, * * shall have a
lien upon the same for the work done * * or material
furnished at the instance of the owner of the building
* * or his agent; and every contractor, subcontractor,
architect, builder, or other person having charge of
the construction, alteration, or repair, in whole or in
any part, of any building or other improvement as
aforesaid, shall be held to be the agent of the owner
for the purposes of this act.''

1. The first question arising on this record is
whether the work done by plaintiff was work done at
the instance of the owner of the building or his agent.
In other words, did appellants by the lease which they
executed with Gevurtz make Gevurtz their agent for
the purpose of keeping the demised premises in proper
repair? Plaintiff relies on *Oregon Lumber Co.* v.
*Nolan,* 75 Or. 69 (143 Pac. 935, 146 Pac. 474). In
that case it was held that when the owner of unim-
proved property leases it to a tenant under a contract
for the construction of a building on the premises, the
owner makes the tenant a contractor for the construc-
tion of the building and the interest of the owner can
be subjected to mechanics' liens growing out of such
construction. In the interpretation of the Alaska stat-

ute, which is identical with ours, the United States Circuit Court of Appeals has reached the same conclusion: *Arctic Lumber Co.* v. *Borden,* 211 Fed. 50 (127 C. C. A. 486). In both of these cases the contract required the erection of a particular building at the inception of the tenancy. In such a case the work done is at the instance of the owner. The position of the tenant is not to be distinguished from that of a contractor for the construction of a building. *Myers* v. *Strowbridge Estate,* 82 Or. 29 (160 Pac. 135), is the same kind of a case. The lease in that case required the tenant to make extensive repairs, equivalent to a reconstruction of the building on the premises. The work was to be done at the inception of the tenancy and pursuant to plans which the lessor should approve.

In the above cases it was properly held that the interest of the lessor was subject to mechanics' liens arising out of the work, for the work in each case was done at his instance. In each of the foregoing cases the work to be done was defined by an agreement to which the owner was a party and the work was to be done presently.

We think the principle cannot be reasonably extended to cover the case at bar. The lease in this case was for a period of ten years. The repairs which the lessee was obligated to make are not specified in the lease. They are defined only by the indefinite language quoted above. Counsel for plaintiff has been able to find no authority for this branch of his contention. He cites the case of *Gould* v. *Wise,* 18 Nev. 253, 259 (3 Pac. 30, 31). This case is interesting in view of the practical identity of the Nevada statute with our statute. The lease involved in the Nevada case was a lease for two years. It obligated the ten-

ant to "make all necessary repairs and improvements" on a mill which was the leasehold property. Plaintiff in the Nevada case furnished materials and performed labor in repairing the mill. The court said:

"It may be conceded for the purposes of this case, that to authorize a lien there must be an employment by the owner of the building, or his authorized agent, and that an employment by a lessee does not constitute the employment contemplated by the statute; and, further, that to constitute the contractor, subcontractor, architect, builder or other person the statutory agent of the owner, such person must have been employed, directly or indirectly, at the instance of the owner, or his conventional agent."

The case finally holds that the owner of the property was charged with constructive notice of the work done by plaintiff, and his interest in the property was held subject to the lien because he had posted no notice disclaiming responsibility. The lien was upheld under a Nevada statute, substantially identical with Section 7419, L. O. L., providing that the interest of an owner shall be subject to liens for any work done with his knowledge, unless within three days after he obtains such knowledge he posts in a conspicuous place a notice to the effect that he will not be responsible.

Plaintiff also cites *Santa Monica Co.* v. *Hege,* 119 Cal. 376 (51 Pac. 555), and *Evans* v. *Judson,* 120 Cal. 282 (52 Pac. 585). These cases, like the Nevada case, hold that such a lease as that with which we are concerned in the case at bar charges the owner of the property with constructive notice of any work done by the tenant in fulfillment of the covenants of the lease. The liability in the above California cases is predicated on the failure of the owner to post a notice after the law charged him with knowledge of the work. The case of *Western Lumber Co.* v. *Merchants'*

*Amusement Co.,* 13 Cal. App. 4 (108 Pac. 891), was a case involving the construction of a building at the inception of the tenancy. The principle decided is identical with that announced by this court in *Oregon Lumber Co.* v. *Nolan,* 75 Or. 69 (143 Pac. 935, 146 Pac. 474).

In 2 Jones, Liens (3 ed.), Section 1280, the law is stated as follows:

"The estate of a lessor is not subject to a lien for labor contracted for by his lessee who has covenanted to make all necessary repairs and improvements at his own expense."

The principle announced in this text-book is supported by the following authorities: *Francis* v. *Sayles,* 101 Mass. 435; *Conant* v. *Brackett,* 112 Mass. 18; *Aetna Elevator Co.* v. *Deeves,* 125 App. Div. 842 (110 N. Y. Supp. 124); *Garber* v. *Spivak* (Sup.), 114 N. Y. Supp. 762; *Boteler* v. *Espen,* 99 Pa. 313; *Hervey* v. *Gay,* 42 N. J. Law, 168.

It is true that the foregoing cases involved the construction of statutes differing from the Oregon statute, but the mischiefs to be anticipated from acceding to the rule contended for by plaintiff in the case at bar are clearly set forth in the opinions in these cases, and these opinions set forth cogent reasons why the doctrine of *Oregon Lumber Co.* v. *Nolan,* 75 Or. 69 (143 Pac. 935, 146 Pac. 474), should not be extended to cover such cases as this.

2. Conceding, without deciding, that the Nevada and California courts have properly held that such a covenant as was contained in the Gevurtz lease is sufficient to charge the owner with constructive notice of the work done in its fulfillment, we think that the lien asserted by plaintiff cannot be sustained on this ground. It appears from the testimony that one year

prior to the time when plaintiff performed his work on the premises a notice was posted by appellants to the effect that they would not be responsible for any work done on the building under instruction from any one other than themselves. This notice was posted on the north side wall of the building at a point easily visible from the sidewalk on the Twenty-second Street side of the building. We think the evidence shows that it was posted in a conspicuous place. It clearly appears that the notice remained posted during all of the time while plaintiff was at work on the premises. Plaintiff has therefore failed to make out a case entitling him to a lien under Section 7419, L. O. L.

It follows that the decree should be reversed and the bill dismissed.     REVERSED.   SUIT DISMISSED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE BEAN concur.