Richard BRAND, d/b/a Brand Plumbing &
Heating, Appellant,

v.

FIRST FEDERAL SAVINGS & LOAN AS-
SOCIATION OF FAIRBANKS, Appellee.

FIRST FEDERAL SAVINGS & LOAN AS-
SOCIATION OF FAIRBANKS, Appellant,

v.

Richard BRAND, d/b/a Brand Plumbing
& Heating, Appellee.

Nos. 1154, 1119.

Supreme Court of Alaska.

Dec. 18, 1970.

George M. Yeager, Fairbanks, for Rich-
ard Brand.

Richard R. Cole, Walter Sczudlo, Fair-
banks, for First Federal Savings & Loan.

Frederic E. Brown, Fairbanks, for Edi-
son W. Crafton, as amicus curiae.

Before DIMOND, RABINOWITZ, and
CONNOR, JJ., and STEWART, Superior
Court Judge.

OPINION

RABINOWITZ, Justice.

Richard Brand, doing business as Brand
Plumbing and Heating, filed a four-count
complaint against First Federal Savings
and Loan Association of Fairbanks and
others to foreclose mechanics' liens. In
its answer, First Federal affirmatively al-
leged that as to every parcel the owners had
given it promissory notes secured by deeds
of trust. It was further asserted that First
Federal had recorded these deeds of trust
and had posted and recorded notices of
nonresponsibility before Brand began work
or furnished materials. The trial court
found that First Federal had posted and
recorded notices of nonresponsibility on the
lots and buildings at issue in the first three
counts but had posted no notice on the par-
cel of land involved in Count IV. The su-
perior court's judgment provided that

Brand not be permitted to foreclose on the properties at issue in the first three counts, but foreclosure was granted as to Count IV. Brand and First Federal both appeal the trial court's judgment.

Brand raises two issues in his appeal. The first is whether the superior court erred in holding that First Federal had priority on the Counts I, II, and III parcels as a result of its posting notices of nonresponsibility. The second is whether the court erred in not awarding him costs and attorney's fees on Count IV on which he prevailed.

Brand's first issue involves the effect of First Federal's notices of nonresponsibility posted on the buildings and parcels of land at issue in Counts I, II, and III. The trial court reasoned that First Federal's interest under the trust deeds had priority over Brand by virtue of these notices.

Alaska's mechanics' lien statutes are complex and obscure. Under AS 34.35.050, a laborer or materialman is granted a lien on a building "for the work done or material furnished at the instance of the owner of the building * * *." This lien extends to the land upon which the building is constructed and a convenient space around the building if the person who causes the building to be constructed, altered or repaired owns the land when the work is started or the materials are first furnished.[1] Lien priorities are governed by AS 34.35.060 and AS 34.35.065. The former provides:

> *Priorities.* (a) A lien created by §§ 50—120 of this chapter upon land and a building or other improvement constructed or located upon the land when altered or repaired is preferred over a lien, mortgage, or other incumbrance which attaches to the land after
>
> (1) the building, improvement, alteration, or repair is started; or
>
> (2) materials for the building, improvement, alteration, or repair are first furnished and placed upon or adjacent to the land.

> (b) A lien created by §§ 50—120 of this chapter is preferred to a lien, mortgage, or other incumbrance which is unrecorded when
>
> (1) construction, alteration, or repair of the building, structure, or other improvement is started; or
>
> (2) materials for the construction, alteration, or repair are first furnished and placed upon or adjacent to the land.

> (c) A lien created by §§ 50—120 of this chapter in favor of a person actually performing labor upon or furnishing material used in a building or other improvement in its original construction is preferred to a prior lien, mortgage, or other incumbrance upon the land on which the building or other improvement is constructed.

> (d) In enforcing the lien, the building or other improvement may be sold separately from the land. When sold separately, the purchaser may remove the building or other improvement within a reasonable time after the sale, not to exceed 30 days, upon the payment to the owner of the land of a reasonable rent for its use from the date of its purchase to the time of removal. If removal is prevented by legal proceedings, the 30 days does not begin to run until the final determination of the proceedings in the court of first resort, or in the appellate court if appeal is taken.

AS 34.35.065 further provides:

> *Notice of nonresponsibility.* (a) A building or improvement mentioned in § 50 of this chapter constructed with the knowledge of the owner of the land or the person having or claiming an interest in the land is considered to be constructed at the instance of the owner or person having or claiming the interest.

> (b) The interest owned or claimed is subject to a lien filed in accordance with §§ 50—120 of this chapter, unless (1) the owner or person having or claiming an interest in the land gives notice with-

---

1. AS 34.35.055(a).

in three days after he obtains knowledge of the construction, alteration or repair 'that he will not be responsible for it, by posting a notice to that effect in writing in some conspicuous place upon the land or upon the building or other improvement located on the land; (2) the notice is signed by him in the presence of two attesting witnesses or acknowledged by him before a notary public; (3) the posting of notice is attested to by a witness; and (4) an attested or notarized copy of the notice is recorded with the recorder of the recording district in which the land, building or other improvement is located within three days after the posting of the notice.

First Federal claims that it was a "person having or claiming an interest in the land" within AS 34.35.065(a), and that it attained priority over Brand's mechanics' liens by posting and recording notices of nonresponsibility in accord with AS 34.35.-065(b). Brand argues that the beneficiary of a deed of trust is not a "person having or claiming an interest in the land" for purposes of this section, so is not protected against superior mechanics' liens by posting and recording notices of nonresponsibility. The question is one of first impression.

In order to determine whether the beneficiary of a deed of trust is, in general, a "person having or claiming an interest in the land," it must be determined whether Alaska is a title theory or a lien theory state regarding deeds of trust. In the case at bar, the instrument purports to convey legal title to a trustee to hold in trust for the beneficiary First Federal for the purpose of securing the trustor's notes to the beneficiary. Though the instruments purport to convey title, they are intended merely as security agreements and so de-

clare on their face. In such circumstances, the title wordage of the trust deed is not dispositive.[2] An early territorial case, Lewis v. Wells,[3] holds that a mortgage in Alaska leaves the fee in the mortgagor and gives the mortgagee only a lien, though it purports to be a grant of the fee to the mortgagee. A case decided a half century later, Bank of Wrangell v. Alaska Asiatic Lumber Mills,[4] takes the same view. *Bank of Wrangell* relies on a territorial statute which has been carried over into our state statutes. In its present form, this statute says:

> A mortgage of real property is not a conveyance which will enable the owner of the mortgage to recover possession of the real property without foreclosure and sale.[5]

Statutes denying the mortgagee a right of possession until foreclosure are generally taken as indicative of a legislative intent that a mortgagee should have only a lien, not legal title.[6] The lien theory is said to mark "a distinct advance in legal ideas" over the "crude conception" of the title theory.[7]

The Alaskan territorial view is in accord with the national trend toward lien theory. In light of our territorial precedents, likely reliance thereon, and the provisions of AS 09.45.680, we believe that the territorial view that mortgages in Alaska convey to the mortgagee only a lien, not any sort of title, should be retained.

■ A deed of trust is "a mortgage in effect,"[8] being only a somewhat different device for accomplishing the same purpose, creating a security interest in land. Our statutes require deeds of trust to be re-

2. Rizo v. MacBeth, 398 P.2d 209 (Alaska 1965).

3. 1 Alaska Fed. 542, 550, 85 F. 896 (D. Alaska 1898).

4. 12 Alaska 338, 346, 84 F.Supp. 1 (D. Alaska 1949).

5. AS 09.45.680.

6. 5 H. Tiffany, The Law of Real Property 233 (3d ed. 1939).

7. *Id.* at 234.

8. R. Powell, The Law of Real Property 553 (1970).

corded like mortgages [9] and provide that a sale under a deed of trust transfers the trustor's title. From this it could be implied that the trustor's title is not transferred by mere execution of a deed of trust but only by a sale after default. In view of these provisions, we think the lien theory ought to be applied to deeds of trust as well as to mortgages in the ancient two-party form. We see no reason to apply lien theory only to one of these two functionally similar security devices. While some jurisdictions apply lien theory to mortgages and title theory to deeds of trust, many others hold that whichever theory applies to mortgages should carry over to deeds of trust.[10] We therefore hold that a deed of trust does not move title out of the trustor, but only creates a lien.

Having determined that a deed of trust conveys only a lien, we could at this point simply follow the *Stearns-Roger*[11] line of cases, holding that the beneficiary of a deed of trust does not have the "interest in the land" required by AS 34.35.065, so need not and cannot protect his priority by a notice of nonresponsibility. The same word often has different meanings dependent on its context, however, and mortgages for some purposes are held to convey an interest in land even in lien theory states.[12] To arrive at a reasonable construction of "interest in the land," we look at AS 34.35.065, our notice of nonresponsibility statute, and to AS 34.35.060 which establishes lien priorities in order to determine what the legislature intended.

The priorities section, AS 34.35.060, provides that a mechanics' lien takes priority over "a lien, mortgage, or other incumbrance" which attaches after the work is started[13] or the materials are furnished, or which is unrecorded at that time.[14] AS 34.35.060 further establishes that a mechanics' lien

in favor of a person actually performing labor upon or furnishing material used in a building or other improvement in its original construction is preferred to a prior lien, mortgage, or other incumbrance upon the land on which the building or other improvement is constructed.[15]

AS 34.35.060 thus protects the security of a mortgagee or beneficiary of a deed of trust against mechanics' liens so long as his incumbrance attaches and is recorded before the mechanics' lienor commences his labor or furnishes materials, except where "original construction" is performed. In the case of "original construction," the legislature intended to subordinate to some extent the principle of first in time, first in right, to a social interest in securing mechanics' lienors. This legislative determination may have been based partially on the practical consideration that prior incumbrancers who had loaned money on the security of bare land would not be substantially harmed if laborers and materialmen had priority when they made improvements, and that construction lenders could protect themselves. Construction lenders can protect themselves from mechanics' liens in several ways: they may require their contractors or borrowers to put up a cushion of perhaps a tenth of the loan to be disbursed by the construction lender before the loan funds are disbursed; they may make all payments directly to subcontractors and suppliers; they may make disbursements to the contractors only on production of receipts from the subcontractors and suppliers.[16]

9. AS 34.20.110.

10. 36 Am.Jur., Mortgages § 179 (1941).

11. Stearns-Roger Mfg. Co. v. Aztec Gold Min. & Mill Co., 14 N.M. 300, 93 P. 706, 712 (1908); *see also* Annot., 123 A.L.R. 7, 24–27 (1939).

12. 3 R. Powell, The Law of Real Property 560 (1970).

13. AS 34.35.060(a).

14. AS 34.35.060(b).

15. AS 34.35.060(c).

16. Storke & Sears, Subdivision Financing, 28 Rocky Mt. L.Rev. 549, 557 (1956).

If the lien of a secured party were treated as an "interest in the land" for purposes of AS 34.35.065, the notice of nonresponsibility section, then a secured party could attain priority over a mechanics' lienor on original construction. The legislature in AS 34.35.060(c) provided that mechanics' lienors performing original construction should have priority over earlier security interests. The scheme of priorities ordered by the legislature in the circumstances of original construction would be defeated if beneficiaries of deeds of trust could attain priority over mechanics' lienors by posting notices of nonresponsibility. Absent an instance of original construction, the interests of beneficiaries of deeds of trust are protected by AS 34.35.060(a) and AS 34.35.060(b), not by AS 34.35.065(b). Mortgagees and beneficiaries of deeds of trust need not post notices of nonresponsibility,[17] and if they do, the notices do not overcome the scheme of priorities established in AS 34.35.060. The notice of nonresponsibility section is designed to protect owners who do not instigate work done on the land,[18] such as lessors whose lessees independently instigate the furnishing of labor or materials.[19]

■ Though the trial court erroneously relied on First Federal's notices of nonresponsibility as the basis for its decision against Brand on the first three counts of his complaint, the decision need not be reversed. Here the parties stipulated that the work done in regard to Counts I, II, and III was mere alteration and repair of existing buildings, not original construction, and that the deeds of trust to First Federal were recorded before the alteration or repair commenced or the materials were supplied. A beneficiary of a deed of trust whose interest attaches and who records before any alteration or repair begins or materials are

furnished has priority over a mechanics' lienor except in the case of original construction under AS 34.35.060. We therefore affirm the trial court's holding that First Federal was prior in regard to the liens claimed under Counts I, II, and III of the complaint.

Concerning First Federal's appeal, the trial court found that Frank Green's testimony as to having posted a notice of nonresponsibility for the bank was not believable. This finding seems to have been the basis for the trial court's judgment in favor of Brand on Count IV. First Federal appeals the judgment on the ground that the court erred in refusing to believe Frank Green's testimony. The parties stipulated that the work done on the land at issue in Count IV was original construction. Since a mechanics' lienor has priority over the beneficiary of a deed of trust in the case of original construction under AS 34.35.060 (c) regardless of whether the beneficiary of the deed of trust posts a notice of nonresponsibility, error, if any, of the court below in disbelieving the witness would be harmless. We therefore affirm the trial court's decision of the priority issue under Count IV of the complaint.

One additional facet of the appeals remains for disposition. As indicated previously, Brand specifies as error the trial court's refusal to award him costs and an attorney's fee in regard to the single count of the complaint on which he prevailed. No costs or attorney's fees were awarded to either Brand or First Federal. Brand claims he was entitled to costs and attorney's fees on his successful count under AS 34.35.005(b), which provides that:

In an action to enforce a lien, the court shall allow as part of the costs all money paid for drawing the lien and for filing and recording the lien claim, and

17. Capital Lumbering Co. v. Ryan, 34 Or. 73, 54 P. 1093, 1095 (1898).

18. Arctic Lumber Co. v. Borden, 4 Alaska Fed. 151, 158, 211 F. 50 (9th Cir. 1914), cert. denied, 4 Alaska Fed. 265, 235 U.S. 704, 35 S.Ct. 209, 59 L.Ed. 433 (1914).

19. Wilson v. Gevurtz, 83 Or. 91, 163 P. 86 (1917). Complications may arise where land sale contracts are used as security devices; *see* Jameson v. Wurtz, 396 P. 2d 68 (Alaska 1964), and Land Dev. Inc. v. Padgett, 369 P.2d 888 (Alaska 1962).

a reasonable attorney fee for the foreclosure of the lien.

and under AS 34.35.110(b) which provides in part that:

> In an action under §§ 50—120 of this chapter the court shall, upon entering judgment for the plaintiff, allow as a part of the costs all money paid for the filing and recording of the lien and a reasonable amount as attorney fees.

The former section applies to liens provided for in sections AS 34.35.050–34.35.425, while the latter applies only to mechanics' liens provided for in sections AS 34.35.050–34.35.120.

First Federal says that Brand was not entitled to costs and an attorney's fee because Brand only prevailed on one count of his complaint, and costs and attorney's fees for his successful Count IV were set off against those costs and attorney's fees which it was entitled to because of its successful defense against Brand's claims in regard to Counts I, II, and III of the complaint.

■ We think it reasonable to assume that the trial court, despite the mandatory language of AS 34.35.005(b) and AS 34.35.-110(b), set off costs and attorney's fees it would have awarded to First Federal for its successful defense of Counts I, II, and III against the statutory costs and reasonable attorney's fee called for by both AS 34.35.-005(b) and AS 34.35.110(b).[20] The apparent purpose of these statutes is to facilitate enforcement by mechanics' lienors of their rights by giving them an assurance of costs and attorney's fees if they prevail in their foreclosure actions. On the facts of this record, we do not believe that the trial court's determination that neither party was entitled to an award of costs or attorney's fees necessarily frustrated this purpose.[21] We affirm the trial court's refusal to award either party costs or attorney's fees.

Affirmed.

BONEY, C. J., and ERWIN, J., not participating.

---

20. Civ.R. 82(a)(1) provides as to attorney's fees that:
> Should no recovery be had, attorney's fees for the prevailing party may be fixed by the court as a part of the costs of the action, in its discretion, in a reasonable amount.
AS 09.60.010 and our Rules Governing the Administration of All Courts made provision for the award of other costs.

21. Our decision makes unnecessary decision of some interesting aspects of AS 34.35.-005(b) and AS 34.35.110(b). These statutes were taken, without significant change, from the laws of Oregon. At the time they were adopted for the Territory of Alaska, and subsequent thereto, the courts of Oregon had consistently held that the lien claimant carried the burden of both alleging and proving the rea-

sonable amount of attorney's fees he was entitled to on foreclosure. State v. Ganong, 93 Or. 440, 184 P. 233 (1919). Absent these prerequisites, it was held that the claimant was not entitled to an award of attorney's fees. It further appears that the statutes were construed as granting some discretion in the courts in regard to the determination of a reasonable attorney's fee. Sparhawk v. Stevens, 162 Or. 375, 91 P.2d 1116, 1118 (1939). Also of interest is Cascaden v. Winbish, 161 F. 241, 244–245 (9th Cir. 1908). There the Ninth Circuit upheld the constitutionality of these statutes in the face of an equal protection attack. In that case it was asserted that the provisions for the award of costs and attorney's fees only to lien claimants was constitutionally impermissible.