# SAVINGS AND LOAN SOCIETY *v.* MULTNOMAH COUNTY.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF OREGON.

No. 69. Argued October 29, 1897. — Decided March 7, 1898.

The statute of Oregon of October 26, 1882, taxing mortgages of lands in that State to the mortgagees in the county where the land lies, does not, as applied to mortgages owned by citizens of other States and in their possession outside of the State of Oregon, contravene the Fourteenth Amendment of the Constitution of the United States.

THE case is stated in the opinion.

*Mr. Milton W. Smith* for appellant. *Mr. Walter S. Perry* was with him on the brief.

*Mr. John H. Hall* for appellee. *Mr. W. T. Hume* was with him on the brief

MR. JUSTICE GRAY delivered the opinion of the court.

This was a bill in equity, filed in the Circuit Court of the United States for the District of Oregon, by the Savings and Loan Society, a corporation and citizen of the State of California, against Multnomah County, a public corporation in the State of Oregon, and one Kelly, the sheriff and *ex officio* the tax collector of that county, and a citizen of that State, showing that in 1891 and 1892 various persons, all citizens of Oregon, severally made their promissory notes to secure the payment of various sums of money, with interest, to the plaintiff at its office in the city of San Francisco and State of California, amounting in all to the sum of $531,000; and, to further secure the same debts, executed to the plaintiff mortgages of divers parcels of land owned by them in Multnomah County; that the mortgages were duly recorded in the office of the recorder of conveyances of that county; that the notes and mortgages were immediately delivered to the plaintiff, and had ever since been without the State of Oregon, and in the possession of the plaintiff at San Francisco; that afterwards, in accordance with the statute of Oregon of October 26, 1882, taxes were imposed upon all the taxable property in Multnomah County, including the debts and mortgages aforesaid; that, the taxes upon these debts and mortgages not having been paid, a list thereof was placed in the hands of the sheriff, with a warrant directing him to collect the same as upon execution, and he advertised for sale all the debts and mortgages aforesaid; and that the statute was in violation of the Fourteenth Amendment of the Constitution of the United States, as depriving the plaintiff of its property without due process of law, and denying to it the equal protection of the laws. The bill prayed for an injunction against the sale; and for a decree declaring that the statute was contrary to the provisions of the Constitution of the United States and therefore of no effect, and that all the proceedings before set out were null and void; and for further relief.

The defendants demurred generally; and the court sus-

tained the demurrer, and dismissed the bill.   60 Fed. Rep. 31. The plaintiff appealed to this court.

The ground upon which the plaintiff seeks to maintain this suit is that the tax act of the State of Oregon of 1882, as applied to the mortgages, owned and held by the plaintiff in California, of lands in Oregon, is contrary to the Fourteenth Amendment of the Constitution of the United States, as depriving the plaintiff of its property without due process of law, and denying to it the equal protection of the laws.

The statute in question makes the following provisions for the taxation of mortgages : By § 1, " a mortgage, deed of trust, contract or other obligation whereby land or real property, situated in no more than one county in this State, is made security for the payment of a debt, together with such debt, shall, for the purposes of assessment and taxation, be deemed and treated as land or real property." By § 2, the mortgage, " together with such debt, shall be assessed and taxed to the owner of such security and debt in the county, city or district in which the land or real property affected by such security is situated ; " and may be sold, like other real property, for the payment of taxes due thereon.   By § 3, that person is to be deemed the owner, who appears to be such on the record of the mortgage, either as the original mortgagee, or as an assignee by transfer made in writing upon the margin of the record.   By § 4, no payment on the debt so secured is to be taken into consideration in assessing the tax, unless likewise stated upon the record ; and the debt and mortgage are to be assessed for the full amount appearing by the record to be owing, unless in the judgment of the assessor the land is not worth so much, in which case they are to be assessed at their real cash value.   By §§ 5, 6, 7, it is made the duty of each county clerk to record, in the margin of the record of any mortgage, when requested so to do by the mortgagee or owner of the mortgage, all assignments thereof and payments thereon ; and to deliver annually to the assessor abstracts containing the requisite information as to unsatisfied mortgages recorded in his office.   By § 8, a debt secured by mortgage of land in a county of this State " shall,

for the purposes of taxation, be deemed and considered as indebtedness within this State, and the person or persons owing such debt shall be entitled to deduct the same from his or their assessments in the same manner that other indebtedness within the State is deducted." And by § 9, "no promissory note, or other instrument of writing, which is the evidence of a debt that is wholly or partly secured by land or real property situated in no more than one county in this State, shall be taxed for any purpose in this State; but the debt evidenced thereby, and the instrument by which it is secured shall, for the purpose of assessment and taxation, be deemed and considered as land or real property, and together be assessed and taxed as hereinbefore provided." Oregon Laws of 1882, p. 64. All these sections are embodied in Hill's Annotated Code of Oregon, §§ 2730, 2735–2738, 2753–2756.

The statute applies only to mortgages of land in not more than one county. By the last clause of § 3, all mortgages, "hereafter executed, whereby land situated in more than one county in this State is made security for the payment of a debt, shall be void." The mortgages now in question were all made since the statute, and were of land in a single county; and it is not suggested in the bill that there existed any untaxed mortgage of lands in more than one county.

The statute, in terms, provides that "no promissory note or other instrument in writing, which is the evidence of" the debt secured by the mortgage, "shall be taxed for any purpose within this State;" but that the debt and mortgage "shall, for the purposes of assessment and taxation, be deemed and treated as land or real property" in the county in which the land is situated, and be there taxed, not beyond their real cash value, to the person appearing of record to be the owner of the mortgage.

The statute authorizes the amount of the mortgage debt to be deducted from any assessment upon the mortgagor; and does not provide for both taxing to the mortgagee the money secured by the mortgage, and also taxing to the mortgagor the whole mortgaged property, as did the statutes of other

States, the validity of which was affirmed in *Augusta Bank* v. *Augusta*, 36 Maine, 255, 259 ; *Alabama Ins. Co.* v. *Lott*, 54 Alabama, 499 ; *Appeal Tax Court* v. *Rice*, 50 Maryland, 302 ; and *Goldgart* v. *People*, 106 Illinois, 25.

The right to deduct from his assessment any debts due from him within the State is secured as well to the mortgagee, as to the mortgagor, by a provision of the statute of Oregon of October 25, 1880, (unrepealed by the statute of 1882, and evidently assumed by § 8 of this statute to be in force,) by which " it shall be the duty of the assessor to deduct the amount of indebtedness, within the State, of any person assessed, from the amount of his or her taxable property."   Oregon Laws of 1880, p. 52 ; Hill's Code, § 2752.

Taking all the provisions of the statute into consideration, its clear intent and effect are as follows : The personal obligation of the mortgagor to the mortgagee is not taxed at all. The mortgage and the debt secured thereby are taxed, as real estate, to the mortgagee, not beyond their real cash value, and only so far as they represent an interest in the real estate mortgaged.   The debt is not taxed separately, but only together with the mortgage ; and is considered as indebtedness within the State for no other purpose than to enable the mortgagor to deduct the amount thereof from the assessment upon him, in the same manner as other indebtedness within the State is deducted.   And the mortgagee, as well as the mortgagor, is entitled to have deducted from his own assessment the amount of his indebtedness within the State.

The result is that nothing is taxed but the real estate mortgaged, the interest of the mortgagee therein being taxed to him, and the rest to the mortgagor.   There is no double taxation.   Nor is any such discrimination made between mortgagors and mortgagees, or between resident and non-resident mortgagees, as to deny to the latter the equal protection of the laws.

No question between the mortgagee and the mortgagor, arising out of the contract between them, in regard to the payment of taxes, or otherwise, is presented or can be decided upon this record.

The case, then, reduces itself to the question whether this tax act, as applied to mortgages owned by citizens of other States and in their possession outside of the State of Oregon, deprives them of their property without due process of law.

By the law of Oregon, indeed, as of some other States of the Union, a mortgage of real property does not convey the legal title to the mortgagee, but creates only a lien or incumbrance as security for the mortgage debt; and the right of possession, as well as the legal title, remains in the mortgagor, both before and after condition broken, until foreclosure. Oregon General Laws of 1843–1872, § 323; Hill's Code, § 326; *Anderson* v. *Baxter*, 4 Oregon, 105, 110; *Semple* v. *Bank of British Columbia*, 5 Sawyer, 88, 394; *Teal* v. *Walker*, 111 U. S. 242; *Sellwood* v. *Gray*, 11 Oregon, 534; *Watson* v. *Dundee Mortgage Co.*, 12 Oregon, 474; *Thompson* v. *Marshall*, 21 Oregon, 171; *Adair* v. *Adair*, 22 Oregon, 115.

Notwithstanding this, it has been held, both by the Supreme Court of the State, and by the Circuit Court of the United States for the District of Oregon, that the State has the power to tax mortgages, though owned and held by citizens and residents of other States, of lands in Oregon. *Mumford* v. *Sewell*, 11 Oregon, 67; *Dundee Mortgage Co.* v. *School District*, 10 Sawyer, 52; *Crawford* v. *Linn County*, 11 Oregon, 482; *Dundee Mortgage Co.* v. *Parrish*, 11 Sawyer, 92; *Poppleton* v. *Yamhill County*, 18 Oregon, 377, 383; *Savings & Loan Society* v. *Multnomah County*, 60 Fed. Rep. 31.

In *Mumford* v. *Sewell*, Judge Waldo, delivering the opinion of the court, said: "All subjects, things as well as persons, over which the power of the State extends, may be taxed." "A mortgage, as such, is incorporeal property. It may be the subject of taxation." "Concede that the debt accompanies the respondent's person and is without the jurisdiction of the State. But the security she holds is Oregon security. It cannot be enforced in any other jurisdiction. It is local in Oregon absolutely as the land which it binds." "Since the power of the State over the mortgage is as exclusive and complete as over the land mortgaged, the mortgage is subject to

taxation by the State, unless there is constitutional limitation to the contrary." 11 Oregon, 68, 69.

"In *Mumford* v. *Sewell*," said Judge Deady, in *Dundee Mortgage Co.* v. *School District*, "the court held that a mortgage upon real property in this State is taxable by the State, without reference to the domicil of the owner, or the *situs* of the debt or note secured thereby. And this conclusion is accepted by this court as the law of this case. Nor do I wish to be understood as having any doubt about the soundness of the decision. A mortgage upon real property in this State, whether considered as a conveyance of the same, giving the creditor an interest in or right to the same, or merely a contract giving him a lien thereon for his debt and the power to enforce the payment thereof by the sale of the premises, is a contract affecting real property in the State, and dependent for its existence, maintenance and enforcement upon the laws and tribunals thereof, and may be taxed here as any other interest in, right to, or power over land. And the mere fact that the instrument has been sent out of the State for the time being, for the purpose of avoiding taxation thereon or otherwise, is immaterial." 10 Sawyer, 63, 64.

The authority of every State to tax all property, real and personal, within its jurisdiction, is unquestionable. *McCulloch* v. *Maryland*, 4 Wheat. 316, 429. Personal property, as this court has declared again and again, may be taxed, either at the domicil of its owner, or at the place where the property is situated, even if the owner is neither a citizen nor a resident of the State which imposes the tax. *Tappan* v. *Merchants' Bank*, 19 Wall. 490, 499; *State Railroad Tax cases*, 92 U. S. 575, 607; *Coe* v. *Errol*, 116 U. S. 517, 524; *Pullman's Car Co.* v. *Pennsylvania*, 141 U. S. 18, 22, 27. The State may tax real estate mortgaged, as it may all other property within its jurisdiction, at its full value. It may do this, either by taxing the whole to the mortgagor, or by taxing to the mortgagee the interest therein represented by the mortgage, and to the mortgagor the remaining interest in the land. And it may, for the purposes of taxation, either treat the mortgage debt as personal property, to be taxed, like other choses in,

action, to the creditor at his domicil; or treat the mortgagee's interest in the land as real estate, to be taxed to him, like other real property, at its *situs*. *Firemen's Ins. Co.* v. *Commonwealth*, 137 Mass. 80, 81; *State* v. *Runyon*, 12 Vroom, (41 N. J. Law,) 98, 105; *Darcy* v. *Darcy*, 22 Vroom, (51 N. J. Law,) 140, 145; *People* v. *Smith*, 88 N. Y. 576, 585; *Common Council* v. *Assessors*, 91 Michigan, 78, 92.

The plaintiff much relied on the opinion delivered by Mr. Justice Field in *Cleveland, Painesville & Ashtabula Railroad* v. *Pennsylvania*, reported under the name of *Case of the State Tax on Foreign-held Bonds*, 15 Wall. 300, 323. It becomes important therefore to notice exactly what was there decided. In that case, a railroad company, incorporated both in Ohio and in Pennsylvania, had issued bonds secured by a mortgage of its entire road in both States; and the tax imposed by the State of Pennsylvania, which was held by a majority of this court to be invalid, was a tax upon the interest due to the bondholders upon the bonds, and was not a tax upon the railroad, or upon the mortgage thereof, or upon the bondholders solely by reason of their interest in that mortgage. The remarks in the opinion, supported by quotations from opinions of the Supreme Court of Pennsylvania, that a mortgage, being a mere security for the debt, confers upon the holder of the mortgage no interest in the land, and when held by a non-resident is as much beyond the jurisdiction of the State as the person of the owner, went beyond what was required for the decision of the case, and cannot be reconciled with other decisions of this court and of the Supreme Court of Pennsylvania.

This court has always held that a mortgage of real estate, made in good faith by a debtor to secure a private debt, is a conveyance of such an interest in the land, as will defeat the priority given to the United States by act of Congress in the distribution of the debtor's estate. *United States* v. *Hooe*, 3 Cranch, 73; *Thelusson* v. *Smith*, 2 Wheat. 396, 426; *Conard* v. *Atlantic Ins. Co.*, 1 Pet. 386, 441.

In *Hutchins* v. *King*, 1 Wall. 53, 58, Mr. Justice Field, delivering the opinion of the court, said that "the interest of

the mortgagee is now generally treated by the courts of law as real estate, only so far as it may be necessary for the protection of the mortgagee and to give him the full benefit of his security." See also *Waterman* v. *Mackenzie*, 138 U. S. 252, 258. If the law treats the mortgagee's interest in the land as real estate for his protection, it is not easy to see why the law should forbid it to be treated as real estate for the purpose of taxation.

The leading quotation, in 15 Wall. 323, from the Pennsylvania Reports, is this general statement of Mr. Justice Woodward : " The mortgagee has no estate in the land, more than the judgment creditor.  Both have liens upon it, and no more than liens." *Witmer's Appeal*, 45 Penn. St. 455, 463.  Yet the same judge, three years later, treated it as unquestionable that a mortgage of real estate in Pennsylvania was taxable there, without regard to the domicil of the mortgagee. *Maltby* v. *Reading & Columbia Railroad*, 52 Penn. St. 140, 147.

The effect of a mortgage as a conveyance of an interest in real estate in Pennsylvania has been clearly brought out in two judgments delivered by Mr. Justice Strong, the one in the Supreme Court of Pennsylvania, and the other in this court.

Speaking for the same judges who decided *Witmer's Appeal*, above cited, and in a case decided less than two months previously, reported in the same volume, and directly presenting the question for adjudication, Mr. Justice Strong said, of mortgages of real estate : " They are in form defeasible sales, and in substance grants of specific security, or interests in land for the purpose of security.  Ejectment may be maintained by a mortgagee, or he may hold possession on the footing of ownership, and with all its incidents.  And though it is often decided to be a security or lien, yet, so far as it is necessary to render it effective as a security, there is always a recognition of the fact that it is a transfer of the title." *Britton's Appeal*, 45 Penn. St. 172, 177, 178.  It should be remembered that in the courts of the State of Pennsylvania, for want of a court of chancery, an equitable title was always held suffi-

cient to sustain an action of ejectment. *Simpson* v. *Ammons*, 1 Binney, 175; *Youngman* v. *Elmira & Williamsport Railroad*, 65 Penn. St. 278, 285, and cases there cited.

Again, in an action of ejectment, commenced in the Circuit Court of the United States for the District of Pennsylvania, Mr. Justice Strong, delivering the unanimous opinion of this court, said : "It is true that a mortgage is in substance but a security for a debt, or an obligation, to which it is collateral. As between the mortgagor and all others than the mortgagee, it is a lien, a security, and not an estate. But as between the parties to the instrument, or their privies, it is a grant which operates to transmit the legal title to the mortgagee, and leaves the mortgagor only a right to redeem." "Courts of equity," he went on to say, "as fully as courts of law, have always regarded the legal title to be in the mortgagee until redemption, and bills to redeem are entertained upon the principle that the mortgagee holds for the mortgagor when the debt secured by the mortgage has been paid or tendered. And such is the law of Pennsylvania. There, as elsewhere, the mortgagee, after breach of the condition, may enter or maintain ejectment for the land." Applying these principles, it was held that one claiming under the mortgagor, having only an equitable title, could not maintain an action of ejectment against one in possession under the mortgagee, while the mortgage remained in existence, or until there had been a redemption; because an equitable title would not sustain an action of ejectment in the courts of the United States. *Brobst* v. *Brock*, 10 Wall. 519, 529, 530.

In a later case in Pennsylvania, Chief Justice Agnew, upon a full review of the authorities in that State, said: "Ownership of the debt carries with it that of the mortgage; and its assignment, or succession in the event of death, vests the right to the mortgage in the assignee or the personal representative of the deceased owner. But there is a manifest difference between the debt, which is a mere chose in action, and the land which secures its payment. Of the former there can be no possession, except that of the writing, which evidences the

obligation to pay ; but of the latter, the land or pledge, there may be. The debt is intangible, the land tangible. The mortgage passes to the mortgagee the title and right of possession to hold till payment shall be made." *Tryon* v. *Munson*, 77 Penn. St. 250, 262.

In *Kirtland* v. *Hotchkiss*, 42 Conn. 426, affirmed by this court in 100 U. S. 491, the point adjudged was that debts to persons residing in one State, secured by mortgage of land in another State, might, for the purposes of taxation, be regarded as situated at the domicil of the creditor. But the question, whether the mortgage could be taxed there only, was not involved in the case, and was not decided, either by the Supreme Court of Connecticut or by this court.

In many other cases cited by the appellant; there was no statute expressly taxing mortgages at the *situs* of the land ; and, although the opinions in some of them took a wider range, the only question in judgment in any of them was one of the construction, not of the constitutionality, of a statute — of the intention, not of the power, of the legislature. Such were : *Davenport* v. *Mississippi & Missouri Railroad*, 12 Iowa, 539 ; *Latrobe* v. *Baltimore*, 19 Maryland, 13 ; *People* v. *Eastman*, 25 California, 601 ; *State* v. *Earl*, 1 Nevada, 394 ; *Arapahoe* v. *Cutter*, 3 Colorado, 349 ; *People* v. *Smith*, 88 N. Y. 576 ; *Grant* v. *Jones*, 39 Ohio St. 506 ; *State* v. *Smith*, 68 Mississippi, 79 ; *Holland* v. *Silver Bow Commissioners*, 15 Montana, 460.

The statute of Oregon, the constitutionality of which is now drawn in question, expressly forbids any taxation of the promissory note, or other instrument of writing, which is the evidence of the debt secured by the mortgage ; and, with equal distinctness, provides for the taxation, as real estate, of the mortgage interest in the land. Although the right which the mortgage transfers in the land covered thereby is not the legal title, but only an equitable interest and by way of security for the debt, it appears to us to be clear upon principle, and in accordance with the weight of authority, that this interest, like any other interest legal or equitable, may be taxed to its owner (whether resident or non-resident) in the State

where the land is situated, without contravening any provision of the Constitution of the United States.

*Decree affirmed.*

MR. JUSTICE HARLAN and MR. JUSTICE WHITE dissented.

MR. JUSTICE McKENNA, not having been a member of the court when this case was argued, took no part in the decision.