FARWELL, OZMUN, KIRK, & COMPANY, a Corporation, et al., Appellants, v. GEORGE E. WALLACE, as Tax Commissioner of the State of North Dakota, et al., Respondents.

(177 N. W. 103.)

**Taxation — moneys and credits' tax construed.**

1. Chapter 230 of the Session Laws of 1917, which imposes an annual tax of three mills on each dollar of the cash value of moneys and credits, is not applicable to moneys and credits arising out of interstate commerce transactions of the plaintiffs, who are foreign corporations not engaged in doing an intrastate business.

**Taxation — situs of property for taxation.**

2. Chapter 229 of the Session Laws of 1919, which fixes the situs of property for purposes of taxation, and thus defines the taxing jurisdiction of the state, does not operate to render taxable the moneys and credits of the plaintiffs which are derived from interstate commerce in the manner stated in the opinion.

**Taxation — excise tax on capital stock and bonds of foreign corporations not applicable to corporations engaged solely in interstate commerce.**

3. Chapter 222 of the Session Laws of 1919, which provides, among other things, for an excise tax on capital stock and bonds of foreign corporations engaged in business within this state during the previous calendar year, is construed and *held* not applicable to corporations engaged solely in interstate commerce.

Opinion filed March 13, 1920.

Appeal from district court of Burleigh County, *J. M. Hanley,* Special Judge.

Reversed and remanded.

*Butler, Mitchell & Doherty (Miller, Zuger & Tillotson,* of counsel), for appellants.

The credits, whether secured or unsecured, owing to the plaintiffs from debtors residing in North Dakota, have no taxable situs in North Dakota and are beyond the taxing power of the state, and in so far as

NOTE.—Authorities discussing the question of situs, as between different states or countries, of personal property for purposes of property taxation, are collated in a note in L.R.A.1915C, 903.

the laws attempt to impose such a tax they are in violation of the due process clause and the contract clause of the Federal Constitution. State Tax on Foreign-Held Bonds, 15 Wall. 300; Walker v. Jack, 88 Fed. 576; New Orleans v. Stempel, 175 U. S. 309; Bristol v. Washington County, 177 U. S. 133; Metropolitan L. Ins. Co. v. New Orleans, 205 U. S. 395; Liverpool, L. & G. Ins. Co. v. New Orleans Assessors, 221 U. S. 346.

Plaintiff corporations are engaged exclusively in interstate commerce and the credits which they own arise out of the business of interstate commerce. The state of North Dakota has no power to exclude them from this business and the business is not transacted within the state of North Dakota. Buck Stove Co. v. Vickers, 226 U. S. 205; Sioux Remedy Co. v. Cope, 235 U. S. 197; Sucker State Drill Co. v. Wirtz Bros. 115 N. W. 844.

The transaction of business within the meaning of the statute means any local business and does not include interstate business one end of which was in North Dakota. See also M. E. Smith Co. v. Dickenson, 142 Pac. 1133; Vermont Farm Machinery Co. v. Hall, 80 Or. 308, 156 Pac. 1073; Butler Bros. Shoe Co. v. United States Rubber Co. 156 Fed. 1; Underwood Typewriter Co. v. Piggott (W. Va.) 55 S. E. 664; Lehigh Portland Cement Co. v. McLean (Ill.) 92 N. E. 248; Mutual Mfg. Co. v. Alspaugh (Ind.) 91 N. E. 504; Western U. Teleg. Co. v. Kansas, 216 U. S. 1.

The state courts have uniformly followed the rule that credits held by a nonresident creditor owing from a resident debtor are not taxable within the state of debtor's domicil, unless they arise out of business done within that state. Grant v. Jones, 39 Ohio, 506; State v. Smith (Miss.) 8 So. 294; Goldgart v. People, 106 Ill. 25; Senour v. Ruth (Ind.) 39 N. E. 946; Holland v. Board of Comrs. (Mont.) 39 Pac. 575; Arapahoe Co. v. Cutler, 3 Colo. 349; Re Jefferson, 35 Minn. 215; State v. Scottish-American Mortg. Co. 76 Minn. 155.

"A debt due a nonresident of this territory from a resident of this territory, although secured by a mortgage upon real estate situated in this territory, is not subject to taxation in this territory." Holland v. Board of Comrs. 39 Pac. 575; Adams v. Colonial U. S. Mortg. Co. 34 So. 482; Jack v. Walker, 96 Fed. 578, affirmed in 100 Fed. 1006; Hathaway v. Edwards, 85 N. E. 28; Commonwealth v. Peebles, 119

S. W. 774; National Fire Ins. Co. v. Assessors, 46 So. 117; General Electric Co. v. Assessors, 46 So. 122; Board of County Comrs. v. Cutler, 3 Colo. 351; Goldgart v. People, 106 Ill. 29; Firesman v. Byrns, 69 Ind. 254.

An attempt of a state to tax property beyond the confines of the state or not subject to its jurisdiction, constitutes the taking of property without due process. Looney v. Cranee Co. 245 U. S. 178, 187; Western U. Teleg. Co. v. Kansas, 216 U. S. 1.

The provision of the law that under such circumstances, the tax should be deducted by the debtor operates to impair the obligation of contracts. State Tax on Foreign-Held Bonds, 15 Wall. 300.

Taxation of these credits amounts to an unlawful burden on interstate commerce. Reading R. R. v. Pennsylvania, 15 Wall. 242; Reading R. R. v. Pennsylvania, 15 Wall. 284; Fargo v. Michigan, 121 U. S. 230; Philadelphia & S. S. S. Co. v. Pennsylvania, 122 U. S. 326; Galveston, H. & S. R. Co. v. Texas, 210 U. S. 217; U. S. Exp. Co. v. Minnesota, 223 U. S. 335; May v. New Orleans, 178 U. S. 496.

The state of North Dakota has no power to impose a capital stock tax on the plaintiffs by reason of their transacting interstate commerce business or on account of or based upon credits having no situs in this state. Provident Sav. Asso. v. Kentucky, 239 U. S. 103.

*William Langer,* Attorney General, and *F. E. Packard,* Assistant Attorney General, for respondents.

BIRDZELL, J. This is an appeal from a judgment of dismissal entered pursuant to an order sustaining a demurrer to the complaint. The action is one brought by a number of plaintiffs who are foreign corporations against the defendants, the Tax Commissioner, the Attorney General, and all of the county auditors of the state, to enjoin them from listing for purposes of taxation open accounts and promissory notes owned by plaintiffs, arising out of business transacted in a manner hereinafter to be described, and from attempting to tax the plaintiffs on account of such accounts or notes and from levying any capital stock tax upon plaintiffs by reason of the transaction of business in this state. They also ask that the defendants be restrained from requiring plaintiffs to make returns and from imposing penalties for failure to report. Also that defendants be restrained from requiring debtors of the cor-

porations residing in this state to make returns and deduct any such tax from the amount of indebtedness, or to impose any penalties for the failure of debtors to do so.   In short, the action is one to prevent the enforcement of certain statutes which, as construed by the defendants, render the plaintiffs liable to certain taxes on account of business transacted in the following manner as alleged in the complaint:

The plaintiffs, being foreign corporations having their offices and places of business in the cities of St. Paul, Minneapolis, and Duluth, Minnesota, are engaged in selling various classes of merchandise at wholesale to persons, firms, and corporations in North Dakota and other northwestern states.   It is not their custom to distribute their goods from depots and warehouses within this state nor to have resident agents other than traveling salesmen.   The latter transmit orders generally from the place where received to the places of business of the plaintiff corporations in Minnesota.   The orders, from which business results, are accepted in Minnesota and the merchandise is shipped into this state.   The purchase price is payable in Minnesota and the sales are made according to a custom, which prevails in the wholesale business, under which the accounts are considered as due within thirty to ninety days from the date of invoice, with discount for earlier payments. Accounts that are not paid when due are treated as delinquent, and it occasionally happens that promissory notes are received in settlement, which notes may or may not be secured by mortgages on North Dakota property.

The acts being done and threatened by the defendants, which the plaintiffs desire to have them restrained from performing, are justified under legislative enactments which provide in substance as follows: An act, approved March 9, 1917 (Sess. Laws 1917, chap. 230), exempts money and credits from other taxation to which it had theretofore been subject, and imposes an annual rate thereon of three mills on each dollar of the cash value.   By an act approved March 6, 1919 (Sess. Laws 1919, chap. 229), the situs law, which was construed by this court in the case of State ex rel. Langer v. Packard, 40 N. D. 182, 168 N. W. 673 (Sess. Laws 1917, chap. 229), was amended in several respects, but for the purposes of this case it need only be noted that the amendment changed the criterion of taxability or situs.   The transaction of business within this state was no longer the test as in the 1917 law.

Under the amended act of 1919, the intent and purpose is declared to be that "all property or interest in property within the state, or income, or profit derived therefrom, shall be subject to all the taxes imposed by the laws of the state" whether the owner or recipient thereof reside within the state or elsewhere. In furtherance of this declared intent, it is provided that property, including both credits and shares of stock and bonds of corporations, is taxable at the residence of the holders of the obligations within this state, if such residence there be; and, if not, that the tax shall be deductible in the hands of the debtor or his agent or the agent of the creditor within the state. For listing purposes, though apparently not for enforcement purposes, the situs of the tangible property held as security for debts is also recognized. The tax, however, is made a first lien upon the property upon which the credit is secured.

Under an act approved March 7, 1919 (Sess. Laws 1919, chap. 222), such foreign corporations as have been engaged in business in this state during the previous calendar year are required to pay an annual special excise tax equal to 50 cents on each $1,000 of the capital "actually invested in the transaction of business in the state."

At a special session of the legislature held in December, after this case was submitted, the laws referred to above were repealed or changed as follows: Under chapter 62 of the Laws of the Special Session, moneys and credits are declared to be exempt from taxation, except the income tax. Stocks and bonds, however, remain subject to the operation of chapter 222 of the Laws of 1919. Chapter 255 of the Laws of 1915 (the original moneys and credits law, held invalid in State ex rel. Linde v. Packard, 32 N. D. 301, 155 N. W. 666) and chapter 230 of the Laws of 1917, as amended by chapter 226 of the Laws of 1919, are expressly repealed. (Chapter 226 of the Laws of 1919 relates to investigation and listing by the attorney general and is not germane to any question here involved.) By § 2 of the repealing act, however (chapter 62 of the Laws of Special Session), it is provided that taxes theretofore levied under any of the tax laws of this state shall not be invalidated or discharged.

By chapter 68 of the Session Laws of the Special Session of 1919, the situs law was again amended. Having repealed the laws for the taxation of moneys and credits, it was apparently thought desirable to

amend the situs statute so as to make the criterion the location of the property or of the place of business of the taxpayer, for obviously the provisions of the 1919 situs law relating to the domicil of the *debtor* or his *agent* could only be appropriate or applicable in the administration of a tax on credits. However, it was provided here also that the validity of taxes assessed under the former situs law should not be affected.

From the foregoing statement it will be seen that most of the laws justifying the alleged objectionable procedure by the defendants are repealed. As to such laws as are repealed, therefore, we do not feel called upon to express our views at length and shall content ourselves with the mere statement of the conclusions at which we have arrived.

First, chapter 230 of the Laws of 1917, which taxes moneys and credits at three mills on the dollar, does not, in our opinion, embrace such moneys as are the proceeds of sales constituting a part of interstate commerce, nor the temporary credit of thirty to ninety days on invoices which, in the business world, is regarded as a cash transaction if paid within the time stated. The transactions from which such moneys and credits arise are interstate in character and as such free from any revenue burdens imposed or sought to be imposed by the state. Western U. Teleg. Co. v. Texas, 105 U. S. 460, 26 L. ed. 1067; Robbins v. Taxing Dist. 120 U. S. 489, 30 L. ed. 694, 1 Inters. Com. Rep. 45, 7 Sup. Ct. Rep. 592; Asher v. Texas, 128 U. S. 129, 32 L. ed. 368, 2 Inters. Com. Rep. 241, 9 Sup. Ct. Rep. 1; Stoutenburgh v. Hennick, 129 U. S. 141, 32 L. ed. 637, 9 Sup. Ct. Rep. 256; International Textbook Co. v. Pigg, 217 U. S. 91, 54 L. ed. 678, 27 L.R.A.(N.S.) 493, 30 Sup. Ct. Rep. 481, 18 Ann. Cas. 1103.

We are mindful of the fact that proceeds from interstate business may, under the decisions, be resorted to for the purpose of measuring a tax which does not purport to be levied directly upon the interstate business, such as an occupation tax (Ficklen v. Taxing Dist. 145 U. S. 1, 36 L. ed. 601, 4 Inters. Com. Rep. 79, 12 Sup. Ct. Rep. 810), or a tax in the nature of a franchise tax (Adams Exp. Co. v. Ohio State Auditor, 165 U. S. 194, 41 L. ed. 683, 17 Sup. Ct. Rep. 305, and 166 U. S. 185, 41 L. ed. 965, 17 Sup. Ct. Rep. 604). But the tax in this case is not of that character. It is levied directly upon the proceeds of interstate business; and, regardless of the form or character of the tax denominated in the statute, it, in fact, imposes a direct burden upon

interstate commerce. LeLoup v. Mobile, 127 U. S. 640, 32 L. ed. 311, 2 Inters. Com. Rep. 134, 8 Sup. Ct. Rep. 1380. Tangible property which is being used in interstate commerce, when actually present within a state, may have a situs there for purposes of taxation; but, to use a somewhat metaphorical expression, it does not acquire a situs until it becomes mingled with the general property in the state. Brown v. Houston, 114 U. S. 622, 29 L. ed 57, 5 Sup. Ct. Rep. 1091. Pittsburg & S. Coal Co. v. Bates, 156 U. S. 577, 39 L. ed. 538, 5 Inters. Com. Rep. 30, 15 Sup. Ct. Rep. 415; Kelley v. Rhoads, 188 U. S. 1, 47 L. ed. 359, 23 Sup. Ct. Rep. 259; Gray, Limitations of Taxing Power, §§ 918 to 923.

The property in question is intangible in character and there is therefore lacking the element of physical situs which always lends a degree of support to the attempted exercise of jurisdiction. In so far as the domicil of the debtor affects the situs of intangible property, it will be mentioned under our second conclusion. For the reasons stated, we are of the opinion that this property did not acquire a domestic situs so as to be subject to an ad valorem, money or credit tax at a flat rate.

Second, as to that portion of the credits due to the plaintiffs which represents past-due accounts evidenced by promissory notes and secured by mortgages upon North Dakota property, our conclusion is that the property does not have a legal situs in North Dakota for purposes of such a tax. See State Tax on Foreign-held Bonds, 15 Wall. 300, 21 L. ed. 179. We are aware of the fact that the broad doctrine of the case cited is somewhat restricted by other decisions unnecessary to be referred to here, at length, but the restrictions appear to be based upon some element in the situation,—other than the bare fact of the residence or domicil of the debtor,—which has a legitimate bearing upon the question of situs; as, for instance, the presence within the state of a certain amount of revolving business capital in the hands of a resident agent (see New Orleans v. Stempel, 175 U. S. 309, 44 L. ed. 174, 20 Sup. Ct. Rep. 110; Metropolitan L. Ins. Co. v. New Orleans, 205 U. S. 395, 51 L. ed. 853, 27 Sup. Ct. Rep. 499; Liverpool & L. & G. Ins. Co. v. Board of Assessors, 221 U. S. 346, 55 L. ed. 762, L.R.A. 1915C, 903, 31 Sup. Ct. Rep. 550); or where the segregation of the interests of mortgagor and mortgagee in tangible property, taxing the interest of each separately and of neither doubly. Savings & L. Soc. v.

Multnomah County, 169 U. S. 421, 42 L. ed. 803, 18 Sup. Ct. Rep. 392. These elements are not present in the instant case as, under the facts alleged, the sole basis for the attempt to tax the credits referred to is the presence within the state of the debtor or of the tangible property upon which security is given.

Third, as to the capital stock tax: Chap. 222, Sess. Laws 1919, which provides for this tax, has not been repealed. The acts sought to be restrained are justified under subdivision 2 of § 1 of this chapter. This subdivision authorizes the levy of a special excise tax on the shares of stock and bond issues of foreign corporations falling within its scope. The scope can be best understood by referring to the language of the statute itself. The statute reads:

"(2) Every corporation, joint stock company, or association, now or hereinafter organized under the laws of any other state, the United States or a foreign country, and engaged in business in the state during the previous calendar year, shall pay annually a special excise tax with respect to the carrying on or doing of business in the state by such corporation, joint stock company, or association equivalent to 50 cents for each $1,000 of the capital actually invested in the transaction of business in the state."

Further provision is made for allocation of the taxable stocks and bonds according to the proportion of business within the state compared to the total business of the corporation.

The question for our consideration is whether or not foreign corporations who transact business within this state and only in the manner described are liable for the tax. Liability, under the statute, depends upon whether the corporation has been "previously engaged in business within the state." For the reasons briefly stated in this opinion and stated more at length in the opinion of this court in State ex rel. Langer v. Packard, 40 N. D. 182, 168 N. W. 673, and in the opinion of the writer in the case of Dahl Implement & Lumber Co. v. Campbell, post, 239, 178 N. W. 197, we are of the opinion that the plaintiff corporations were not transacting business within the state so as to be rendered subject to the tax. We may properly add that, in our opinion, this tax is applicable only to such foreign corporations as have actually transacted domestic business within the state, and is not necessarily to be applied to all that have merely satisfied the requirements of §§ 5238 to 5240,

Comp. Laws 1913, by the payment of a nominal fee and the appointment of the secretary of state as attorney upon whom process may be served. A foreign corporation might well choose to take this step as a precautionary measure to avoid any possible question as to the validity of its contracts, for compliance is not burdensome, while the penalty for noncompliance is rigorous, entirely depriving the noncomplying corporation of remedy on the contract. Comp. Laws, 1913, § 5242.

It follows that the judgment appealed from is erroneous and it is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

GRACE, J. (concurring in result). The laws mentioned in the case of Capital Trust & Sav. Bank v. Wallace, post, 182, 177 N. W. 440, as having been repealed, with the exception of chap. 222 of the Laws of 1919, which are the same laws involved in this case, and by reason of the repeal of such laws, as above mentioned, and the reasons stated in my opinion, in the case of Capital Trust & Sav. Bank v. Wallace, I concur in the result arrived at by the opinion of the court, but do not concur in all the reasoning contained in such opinion, by which the result is reached.