## GUARANTY TRUST CO. OF NEW YORK v. PACIFIC & I. N. RY. CO.

### No. 1938.

District Court, D. Idaho, S. D.
Jan. 8, 1937.

Hawley & Worthwine, of Boise, Idaho, for plaintiff.

John A. Carver, U. S. Dist. Atty., and E. H. Casterlin and Frank Griffin, Asst. U. S. Dist. Attys., all of Boise, Idaho, for the United States.

CAVANAH, District Judge.

The United States and certain persons have filed claims against the fund now in the possession of the Guaranty Trust Company of New York, trustee, for the use and benefit of the Pacific & Idaho Northern Railroad Company, and requested that the same be decreed as prior claims to the mortgage lien of the bondholders. The funds in the possession of the trustee were derived from the sale of the mortgaged property of the Railway Company. The nature of the claim of the United States is a fine of $1,000 imposed on the Railway Company at the last term of this court, and the nature of the claims of the individuals are for services performed by them for the Railroad Company as employees since the mortgage to the bondholders was executed. The trustee objected to the allowance of the claims as prior to the lien of the mortgage, for the reason that they are subordinate to and inferior to the claims of the bondholders.

The objection is tenable when we come to consider the equitable rights of the mortgagee which attached to the mortgaged property as security and was a subsisting charge upon the mortgaged property of the Railroad Company before the United States and other claims, in any view, were in the position to assert and enforce their claims.

This principle is recognized by the Eighth Circuit Court of Appeals in the case of United States v. Guaranty Trust Company of New York, 33 F.(2d) 533, where the court held that priority of claims of the United States are subordinate to the lien of mortgage which had attached before the indebtedness of the government accrued. The decision of the Circuit Court of Appeals in that case was affirmed by the Supreme Court in 280 U.S. 478, 50 S.Ct. 212, 74 L.Ed. 556. In the case of the Savings & Loan Society v. Multnomah County, 169 U.S. 421, 18 S.Ct. 392, 395, 42 L.Ed. 803, the Supreme Court further said: "This court has always held that a mortgage of real estate, made in good faith by a debtor to secure a private debt, is a conveyance of such an interest in the land as will defeat the priority given by the United States by act of congress in the distribution of the debtor's estate."

Accordingly an order will be entered sustaining the objections of the trustee to the allowance of the claim of the United States and the other claims as being prior to the mortgage lien, as they are subordinate to the lien of the mortgage of the bondholders, which has attached to the fund derived from the sale of the mortgaged property by the trustee before the indebtedness to the government and other claims accrued.