In the Matter of the Assignment for the Benefit of Creditors of LINCOLN CHAIR & NOVELTY Co., INC.

SAMUEL GREENBERG, as Assignee, Respondent.

UNITED STATES OF AMERICA, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent.

354

Argued April 23, 1937; decided May 25, 1937.

*Clarence E. Dawson, James W. Morris, Sewall Key, Lamar Hardy* and *George B. Schoonmaker* for appellant. The State of New York could not acquire an interest in the property of the insolvent debtor sufficient to defeat the priority of the United States by mere statutory enactment. (*McCullough* v. *Maryland,* 4 Wheat. 316; *United States* v. *Snyder,* 149 U. S. 210; *United States* v. *Bank of Mount Hope,* 46 Fed. Rep. [2d] 455; *Matter of Kupshire Coats, Inc.,* 272 N. Y. 222.) It was necessary for the State of New York to proceed under its statute to divest the debtor of title to or possession of its property, by levying upon that property, for it to obtain a '' specific perfected lien.'' (*Spokane County* v. *United States,* 279 U. S. 80; *New York* v. *Maclay;* 288 U. S. 290; *United States* v. *Knott,* 298 U. S. 544; *Gerson, Beesley & Hampton* v. *Shubert Theatre Corp.,* 7 Fed. Supp. 399; *Matter of Ivel Displays, Inc.,* 74 Fed. Rep. [2d] 702; *North River Coal & Wharf Co.* v. *McWilliams Bros., Inc.,* 59 Fed. Rep. [2d] 979.)

*John J. Bennett, Jr., Attorney-General* (*Robert P. Beyer* and *Henry Epstein* of counsel), for respondent. The

priority to be accorded to the United States of America is purely statutory, and a case must be presented to which the Federal statute applies. (*Matter of Carnegie Trust Co.*, 151 App. Div. 606; 206 N. Y. 390; *Marshall* v. *State of New York*, 254 U. S. 380; *United States* v. *Middle State Oil Corp.*, 18 Fed. Rep. [2d] 231; *Equitable Trust Co.* v. *Connecticut Brass & Mfg. Corp.*, 290 Fed. Rep. 712.) The claim of the United States for additional income tax for the year 1932 was not a lien upon the corporate assets in the hands of the assignee for distribution. (*Beaston* v. *Farmers' Bank*, 12 Pet, 102; *United States* v. *Oklahoma*, 261 U. S. 253; *Matter of Baltimore Pearl Hominy Co.*, 294 Fed. Rep. 921; *Matter of Rowe & Bros.*, 18 Fed. Rep. [2d] 658.) The claim of the State of New York, having been duly assessed and liquidated prior to the assignment, became a statutory lien upon the property of the assignor corporation. (*Carey* v. *Keith, Inc.*, 250 N. Y. 216; *Matter of Ivel Displays, Inc.*, 74 Fed. Rep. [2d] 702.) Section 3466 of the United States Revised Statutes does not give to the United States a preference in the payment of tax claims over similar claims due to the State, which were liquidated and became a definite lien prior to the assignment. (*New York* v. *Maclay*, 288 U. S. 290; *New York Terminal Co.* v. *Gaus*, 204 N. Y. 512; *Matter of Ivel Displays, Inc.*, 74 Fed. Rep. [2d] 702; *North River Coal & Wharf Co.* v. *McWilliams Bros.*, 32 Fed. Rep. [2d] 355.)

LEHMAN, J. In March, 1934, Lincoln Chair & Novelty Co., Inc., made a general assignment for the benefit of creditors. The State of New York filed a proof of claim for $110 for unpaid corporate franchise taxes for the period of four years beginning November 1, 1929. It is stipulated that these taxes " were duly assessed and liquidated in the sum of $110, plus interest, and that notices were sent by the Tax Department before the date of the general assignment herein, March 23, 1934." The United States also filed a claim for $3,924.56 for

income taxes for the year 1932. That claim arises from a reaudit of the corporation's 1932 income tax return. The property of the debtor in the hands of the assignee is insufficient to pay both claims. The claim of the State of New York has been accorded priority over the claim of the United States. Upon this appeal the United States urges that its debt must be satisfied first.

The United States has not taken the steps required to obtain a statutory or other lien upon the property of a delinquent taxpayer for the amount of the unpaid income taxes. The United States, as a creditor of an insolvent debtor, has no common law right of priority in the distribution of the property of the debtor for the payment of his debt. It has, however, a statutory right of priority created and defined by section 3466 of the Revised Statutes of the United States, United States Code, title 31, section 191, as follows: "Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority (hereby) established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed."

We have said recently, in construing that statute, that " all claims of the United States in a voluntary assignment have preference over all other claims." (*Matter of Kupshire Coats, Inc.*, 272 N. Y. 221, 226.) The State of New York has, as sovereign, a common law right of priority in payment of its claims out of the estate of an insolvent debtor, but that common law right of priority has been made subordinate to the statutory priority of the United States. No exception has been made by

Congress in favor of claims of the State or of wage-earners or other persons. Upon the voluntary assignment of an insolvent debtor, the mandate of the statute that out of the estate of the insolvent " the debts due to the United States shall be first satisfied " is absolute. (*County of Spokane* v. *United States*, 279 U. S. 80.)

" Exceptions there must necessarily be as to the funds out of which the United States are to be satisfied, but there can be none in relation to the debts due from a debtor of the United States to individuals. The United States are to be first satisfied; but then it must be out of the debtor's estate. If, therefore, before the right of preference has accrued to the United States, the debtor has made a *bona fide* conveyance of his estate to a third person, or has mortgaged the same to secure a debt, or if his property has been seized under a *fi. fa.*, the property is divested out of the debtor, and cannot be made liable to the United States. A judgment gives the judgment creditor a lien on the debtor's lands, and a preference over all subsequent judgment creditors. But the act of Congress defeats this preference." (*Thelusson* v. *Smith*, 2 Wheat. [U. S.] 396.)

The Tax Law (Cons. Laws, ch. 60; § 219-c) provides that the State of New York shall have a " lien " for unpaid franchise taxes upon the real and personal property of the corporation liable to pay the same until the same is paid in full. The property of the debtor was subject to that statutory " lien " when assigned by the debtor. The State claims that to that extent the " property is divested out of the debtor," and the estate of the debtor out of which the " debts due to the United States shall be first satisfied," is correspondingly diminished. In other words, the State of New York does not challenge the priority of right to payment of debts due to the United States out of the *property* of the debtor, but it asserts that its lien constitutes an interest in the property of the debtor which was vested in the State before any assignment was made by the debtor.

A similar contention made by the State of New York was rejected in *New York* v. *McClay* (288 U. S. 290). In that case, however, the tax had not been assessed or liquidated before receivers of the corporation were appointed, and on that ground the Supreme Court of the United States held that though under the New York statute the State was entitled even before the tax was actually assessed and liquidated to a lien upon the debtor's property, the lien was only inchoate and was defeated and destroyed by the assertion of the priority accorded to debts of the United States by the act of Congress. " Liens in a sense they unquestionably are, but * * * not so perfected or specific as to change the rule of distribution " (p. 292).

Here the case is different. The tax has been assessed and liquidated. The defect which was pointed out by the court in *New York* v. *McClay* (*supra*) has now been remedied. The court, however, also pointed out in that case that though in its discussion "there has been an assumption * * * that the tax would have priority if its amount has been liquidated before rights and interests became static through insolvency proceedings. The assumption is hardly to be reconciled with a judgment of this court pronounced a century and more ago. (*Thelusson* v. *Smith*, 2 Wheat. 396, 426) " (p. 293). In truth the assessment or liquidation of the taxes merely fixed the amount of the tax debt; it does not change the nature of the lien for the payment of that debt which arises, under the statute, in advance of such assessment, for the years in which the taxes are due. After the debt has been fixed, as before, no specific property is seized and appropriated to the satisfaction of the debt or set apart from the general property of the debtor. Like the " lien " of a judgment, it remains a " lien " which is not specific but which merely gives to the creditor a right to payment out of the property after the property or a part thereof is appropriated and set apart for that purpose.

The priority of the United States is not affected by a lien which is not specific. (Cf. *United States* v. *Knott*, 298 U. S. 544.)

The Bankruptcy Act (U. S. Code, tit. 11) provides for different priorities in the distribution of the estate of a bankrupt. The question whether the lien of the State would give to the State a superior right in bankruptcy proceedings is not before us. (Cf. *Matter of Ivel Displays, Inc.*, 74 Fed. Rep. [2d] 702; *Matter of Kupshire Coats, Inc.*, *supra*.)

The orders should be reversed, without costs, and the matter remitted to the Special Term to proceed in accordance with this opinion.

CRANE, Ch. J., O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Ordered accordingly.