## BANK OF WRANGELL v. ALASKA ASIATIC LUMBER MILLS, Inc.

No. 5693-A.

United States District Court, Alaska
First Division, Juneau.

May 21, 1949.

Faulkner, Banfield & Boochever, Juneau, Alaska, for petitioner.

R. E. Robertson, Juneau, Alaska, for respondent.

FOLTA, District Judge.

The question presented in this controversy concerns the rank and priority to be accorded the claims of the United States for taxes in the sum of $18,951.53, the claim of the Bank of Wrangell for the balance due on its mortgages on the real property of the insolvent debtor in the sum of $48,520, the claim of the Town of Wrangell for taxes in the sum of $4,-952.10, and the mechanic's lien claim of Walter J. Stutte, based on improvements constructed on the mortgaged mill premises, in the sum of $1,683.22.

The Receiver, who was appointed on August 11, 1947, has, pursuant to the orders of this Court, reduced the assets to cash and now has available for distribution, after deducting the amount of $10,-000 borrowed from the mortgagee bank for expenses of administration, approximately $32,000 for distribution among the claimants named.

No question is raised as to the validity of the liens on which these claims are based or the other liens specified. The controversy, therefore, resolves itself primarily into a contest between the United States and the Bank under Section 3466 R.S., 31 U.S.C.A. § 191, which provides that: "Whenever any person indebted to

the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed."

Incredible as it may seem, the question whether a mortgage lien is entitled to priority over the United States under this statute has not yet been decided by the Supreme Court.

In Thelusson v. Smith, 2 Wheat. 396, page 425, 4 L.Ed. 271, involving a contest between a judgment creditor who had made no levy under his judgment and the United States, the court in upholding the priority of the United States said: "Exceptions there must necessarily be as to the funds out of which the United States are to be satisfied, but there can be none in relation to the debts due from a debtor of the United States to individuals. The United States are to be first satisfied; but then, it must be out of the debtor's estate. If, therefore, before the right of preference has accrued to the United States, the debtor has made a bona fide conveyance of his estate to a third person, or has mortgaged the same to secure a debt, or if his property has been seized under a fi. fa., the property is divested out of the debtor, and cannot be made liable to the United States. A judgment gives to the judgment-creditor a lien on the debtor's lands, and a preference over all subsequent judgment-creditors. But the act of congress defeats this preference, in favor of the United States, in the cases specified in the 65th section of the act of 1799."

In Conard v. Atlantic Insurance Co., 1 Pet. 386, page 441, 7 L.Ed. 189, in answer to the contention that the priority of the United States could be defeated only by an absolute conveyance and not by a mortgage lien, for which Thelusson v. Smith, supra, was cited, the court said, that its language in that case is conclusive on the point of the priority of the mortgage, and added: "It is true, that in the discussions in courts of equity, a mortgage is sometimes called a lien for debt. And so it certainly is, and something more; it is a transfer of the property itself, as security for the debt. This must be admitted to be true at law; and it is equally true in equity; for in this respect, equity follows the law. It does not consider the estate of the mortgagee as defeated and reduced to a mere lien, but it treats it as a trust estate, and according to the intention of the parties, as a qualified estate, and security. When the debt is discharged, there is a resulting trust for a mortgagor. It is, therefore, only in a loose and general sense, that it is sometimes called a lien, and then only by way of contrast to an estate absolute and indefeasible. But it has never yet been decided by this court, that the priority of the United States will divest a specific lien, attached to a thing, whether it be accompanied by possession or not."

In 9 Op.Atty.Gen. 28, it was assumed that the United States was not entitled to priority under Section 3466 over a mortgage, and in Savings & Loan Soc. v. Multnomah County, 169 U.S. 421, 428, 18 S.Ct. 392, 395, 42 L.Ed. 803, the court said, purely by way of illustration however, that: "This court has always held that a mortgage of real estate, made in good faith by a debtor to secure a private debt, is a conveyance of such an interest in the land, as will defeat the priority given to the United States by act of congress in the distribution of the debtor's estate. United States v. Hooe, 3 Cranch 73, [2 L. Ed. 370]; Thelusson v. Smith, 2 Wheat. 396, 426, [4 L.Ed. 271]; Conard v. Atlantic Ins. Co., 1 Pet. 386, 441, [7 L.Ed. 189]."

The claimants here differ as to the effect of the decision in United States v. Guaranty Trust Co., 8 Cir., 33 F.2d 533. That case deals with two classes of claims, those arising under the Federal Transportation Act, 49 U.S.C.A. § 71 et seq., and those arising before that Act went into

effect. It would appear that the decision holds that the priority of the United States was subordinate to the mortgage liens attaching before the other indebtedness accrued, 33 F.2d at pages 537, 539, and that the claims of the first class were governed by the provision of the Transportation Act rather than by Section 3466, 33 F.2d at page 536. In affirming this decision, however, 280 U.S. 478, 50 S.Ct. 212, 74 L.Ed. 556, the Supreme Court held that claims arising under the Transportation Act were not entitled to priority. Thus, although the matter is left in some doubt, since it appears that the mortgages referred to by the Court of Appeals in Class (a) on page 536 of 33 F.2d were executed between 1888 and 1912, 33 F.2d at page 534, long before the passage of either Transportation Act, it would seem that the decision referred to is an authority for the view that the United States is not entitled to priority over mortgage liens. This decision was thus construed in Guaranty Trust Co. v. Pacific & I. N. Ry. Co., D.C., 17 F.Supp. 646, and priority over the mortgage lien of bondholders was denied the United States on the authority thereof.

However, doubt is cast on the force of such decisions, as precedents for the view urged here by the Bank, by what the court said in New York v. Maclay, 288 U.S. 290, 294, 53 S.Ct. 323, 324, 77 L.Ed. 754: "Later cases have drawn a distinction between the liens of judgments and of mortgages. These last have been thought to have the effect of a conveyance, divesting the debtor of his title and leaving nothing but an equity to which a preference can attach. Conard v. Atlantic Insurance Co., 1 Pet. 386, 7 L.Ed 189; Brent v. Bank of Washington, 10 Pet. 596, 611, 612, 9 L.Ed. 547; Savings & Loan Society v. Multnomah County, 169 U.S. 421, 428, 18 S.Ct. 392, 42 L.Ed. 803. We do not now determine whether the holding in the mortgage cases is to be applied in jurisdictions where a mortgage upon real estate is a lien and nothing more (Trimm v. Marsh, 54 N.Y. 599, 13 Am.St.Rep. 623), nor whether, if so applied, it imports a modification of the holding in the Thelusson case as

to the lien of a judgment. Cf. United States v. Canal Bank, 3 Story 79, 81, Fed. Cas.No.14,715; United States v. Duncan, 4 McLean 607, 630, Fed.Cas.No.15,003. A mortgage, even though a lien, is one much more specific than a judgment or a tax, much closer to ownership. Conard v. Atlantic Insurance Co., supra, page 443, of 1 Pet., 7 L.Ed. 189; In re Boyd, 4 Sawy. 262, 264, Fed.Cas.No.1,746. Into these refinements and their consequences, there is no need to enter now."

And in United States v. Texas, 314 U. S. 480, 484–485–486, 62 S.Ct. 350, 352, 86 L.Ed. 356:

"Section 3466 mentions no exception to its requirement that 'the debts due to the United States shall be first satisfied.' It is nevertheless true that in several early decisions this Court read an exception into the section in the case of previously executed mortgages. Thelusson v. Smith, 2 Wheat. 396, 426, 4 L.Ed. 271; Conard v. Atlantic Insurance Co., 1 Pet. 386, 7 L. Ed. 189; Brent v. Bank of Washington, 10 Pet. 596, 611, 612, 9 L.Ed. 547. This doctrine seems to have been based on the theory that mortgaged property passes to the mortgagee and is no longer a part of the estate of the mortgagor. See Conard v. Atlantic Insurance Co., supra, 1 Pet. at pages 441–442, 7 L.Ed. 189. The question of whether the priority of the United States under Section 3466 would also be defeated by a specific and perfected lien upon property, whose title remained in the debtor was reserved in those cases. Ibid.; Brent v. Bank of Washington, supra, 10 Pet. at pages 611–612, 9 L.Ed. 547. However, it was determined that a general judgment lien upon the lands of an insolvent debtor does not take precedence over claims of the United States unless execution of the judgment has proceeded far enough to take the land out of the possession of the debtor. Thelusson v. Smith, supra, 2 Wheat. at pages 425–426, 4 L.Ed. 271. * * *

"It was at pains to make clear, however, that it intended by its decision to lend no support to the assumption that the doctrine of the mortgage cases, whatever its

current vitality, would require the subordination of unsecured claims of the United States to a specific and perfected lien. 288 U.S. at pages 293–294, 53 S.Ct. at page 324, 77 L.Ed. 754."

Again the court declined to pass upon the question whether the mortgage lien accorded top priority by Texas was entitled to such priority as against the United States because that question was not before it, 314 U.S. at page 488, 62 S.Ct. 350, 86 L.Ed. 356.

In United States v. Waddill, Holland & Flinn, 323 U.S. 353, at pages 355–356, 65 S.Ct. 304, at page 306, 89 L.Ed. 294, involving the priority of the United States under Section 3466, R.S. over the liens of a landlord and a municipality, the court, in again calling attention to the fact that although it had in the past recognized that certain exceptions could be read into Section 3466, R.S. said:

"The question has not been expressly decided however, as to whether the priority of the United States might be defeated by a specific and perfected lien upon the property at the time of the insolvency or voluntary assignment," and added:

"It is within this suggested exception that the landlord and the municipality seek to bring themselves. Once again, however, we do not reach a decision as to whether such an exception is permissible for we do not believe that the asserted liens of the landlord and the municipality were sufficiently specific and perfected on the date of the voluntary assignment to cast any serious doubt on the priority of the claim of the United States."

Likewise in Illinois v. Campbell, 329 U.S. 362, 370, 67 S.Ct. 340, 345, 91 L.Ed. 348, the court said that it had never decided "whether the priority (under Section 3466) is overcome by a fully perfected and specific lien," and that "again we need not decide it, for we are of the opinion that the Illinois lien was not sufficiently specific or perfected, in the purview of controlling decisions, to defeat the government's priority."

■ While these dicta and the decisions cited appear to assume that a mortgage lien is specific and perfected and, therefore, entitled to priority over the United States under Section 3466, yet, as has been noted, in late years, the Supreme Court has had occasion to point out that it has not decided that question or whether a lien found to be specific and perfected would be accorded such priority. These reminders by the Supreme Court would seem to warrant the inference that the position of mortgages under Section 3466, R.S., regardless of what it might once have been when the title theory of mortgages prevailed, New York v. Maclay, 288 U.S. 290, 294, 53 S.Ct. 323, 77 L.Ed. 754, has been somewhat undermined or at least is being questioned. Indeed the criteria adopted for determining whether a lien is specific and perfected are such as to put even a mortgage to the test. These require that there be definiteness in at least three particulars as of the crucial time (the appointment of the Receiver in the case at bar), namely: (1) the identity of the lienor; (2) the amount of the lien; (3) the property to which it attaches, of or upon which there must be a levy, seizure, distraint or other statutory proceeding to divest or set it apart from the property of the debtor. In re Lincoln Chair & Novelty Co., 274 N.Y. 353, 9 N.E.2d 7, 9; Spokane County v. United States, 279 U.S. 80, 93–94, 49 S.Ct. 321, 73 L.Ed. 621; People of State of New York v. Maclay, 288 U.S. 290, 293, 53 S.Ct. 323, 77 L.Ed. 754; United States v. Texas, 314 U.S. 480, 487–488, 62 S.Ct. 350, 86 L.Ed. 356; United States v. Waddill, Holland & Flinn, 323 U.S. 353, 358, 65 S.Ct. 304, 89 L.Ed. 294; Illinois v. Campbell, 329 U.S. 362, 372–376, 67 S.Ct. 340, 91 L.Ed. 348.

■ A mortgage on real property in this jurisdiction is not a conveyance, Section 56-1-11, A.C.L.A.1949, but a mere security for the debt. The debtor, therefore, is neither divested of his property nor of the possession thereof. While the lien is specific as to the identity of the lienor, default and the amount due must be established in court in the case of the ordinary mortgage, as distinguished from one expressly conferring the power to re-enter,

repossess and sell. It would, therefore, seem that a mortgage lien does not differ substantially from ordinary tax liens before seizure, levy or distraint or the determination of the amount due in a proceeding in court, in the absence of which specificity and perfection would appear to be lacking, in that the amount due would not be known and there would be no appropriation of specific property for the satisfaction of the claim. Moreover, the reiterated declaration of the court that it has not yet decided whether a specific and perfected lien will be accorded priority as against the United States under Section 3466 may be interpreted as a warning that when the question is squarely presented, the decision may result in a subordination of mortgage liens. Notwithstanding that possibility, however, this Court feels bound by the decisions cited and the dicta referred to, and is unwilling to depart from the traditional view of the character and nature of a mortgage lien. Accordingly the Court holds that after the bank's loan of $10,000 for the expenses of the receivership is repaid, the claim of the Bank of Wrangell is entitled to priority out of the remainder of the proceeds realized from the sale of the real property covered by its mortgages, that, under Section 16-1-113, A.C.L.A.1949, the Town of Wrangell and, under Section 26-1-3, id., Walter J. Stutle, in that order, are entitled to priority over the Bank. However, since the Bank mortgages do not cover the personal property of the debtor, and the real and personal properties were sold as one parcel, and the tax claim of the Town of Wrangell against the personal property is neither specific nor perfected, it follows that the United States is entitled to payment out of so much of the proceeds as may be properly allocable to the personal property. Accordingly, the Receiver will be instructed to have an appraisal made of the personal property for the purpose of determining what proportion of the proceeds from the sale of the entire property should be credited to the personal property.