Argued June 28; modified July 6, 1939

# SPARHAWK *v.* STEVENS ET UX.

(91 P. (2d) 1116)

Department 2.

*Robin D. Day*, of Salem, for appellants.

*Carey F. Martin*, of Salem (Ivan G. Martin, of Salem, on the brief), for respondent.

RAND, C. J.  This appeal is from a decree foreclosing a mechanic's lien.  The facts are substantially as follows:

In July, 1938, the plaintiff was employed by Sidney L. Stevens and Madeline G. Stevens, his wife, to do work upon and supervise the remodeling of a dwelling-house and, for his services, it was stipulated that he was to receive $1 per hour.  As a part of his duties, he was to employ others to assist him in the performance of the work and was authorized to bind the defendants to pay the carpenters so employed at the rate of $1 per hour and the unskilled laborers at the rate of 50 cents per hour.  Although the plaintiff was acting as the agent of the defendants, yet, in carrying out his contract, he employed the workmen under a secret understanding and agreement that they were to work for much less than what the defendants had promised to pay, and were to charge and collect from the defendants the full amount of the wages that had been promised and pay over the difference to the plaintiff. Under this arrangement, the carpenters were employed for 62½ cents per hour and the unskilled laborers, in

some instances, as low as 20 cents per hour. Notwithstanding this, however, bills were presented by the plaintiff to the defendants for payment at the rate of $1 per hour for the carpenters employed and at the rate of 50 cents per hour for the unskilled laborers. But before these bills were paid, the defendants learned of the fraudulent agreement which the plaintiff had entered into with the workmen and refused to pay only such amounts as the workmen had themselves agreed to accept in payment for their labor. Upon notice of the fraud, the defendants discharged plaintiff and discontinued the work and, at that time, plaintiff had worked on the building 210 hours and was entitled to be paid the sum of $210 and no other or greater amount. In the meantime, the plaintiff had settled with and paid off some of the workmen.

The evidence shows that the defendants were ready and willing to pay all claims and demands of the workmen upon receiving a true statement of the amounts due and, so far as the evidence shows, did pay all except those for which the lien is claimed.

█ That the transactions above referred to were fraudulent appears from the testimony of the plaintiff and other witnesses, one of which only will be referred to.

Plaintiff himself testified:

"A. * * * I have a contractor's commission I would get regardless of what anybody else had to pay. Q. And when Mr. Stevens paid the bill, you would get that back? A. Yes. * * * Q. In other words, you paid a man sixty-five cents an hour and while you were actually paying him that money, you charged Mr. Stevens $1.00? A. Yes. Q. Did you tell him you would make that difference? A. No, I didn't tell Mr. Stevens that."

Mr. W. E. Adelhart, one of plaintiff's witnesses, testified that he worked as a carpenter on the building for 268 hours and that he presented a bill to Mr. Day, attorney for the defendants, for $268. He was then asked:

"Q. Did you actually have that much money due you at that time? A. That is what I had orders to collect. Q. Who ordered you to collect that much? A. Mr. Sparhawk. It was my understanding in the first place that we were to get $1.00 per hour. Q. That was your understanding in the first place that you were to get $1.00 per hour? A. Not that I was to get it, but that was what we were to collect. * * * Q. And you were to refund then to Mr. Sparhawk part of this money when you presented the bill? A. Yes. Q. How much of it was you to refund? A. I was to get 62½c an hour. Q. And you were to charge Mr. Stevens $1.00 per hour and return the difference to Mr. Sparhawk? A. Yes, it is customary."

Within a few days after the work had been discontinued, plaintiff filed his notice of lien for the labor performed by him amounting to $210 and for the moneys advanced in paying off certain of the laborers in the sum of $207.99. After notice had been given to the defendants of plaintiff's intention to foreclose the lien, Mr. Day, the attorney for the defendants, wrote to Mr. Martin, the attorney for plaintiff, stating that, if the plaintiff would render a true statement of the various amounts due and owing by the defendants, the same would be paid. The requested statement was not rendered nor was any notice taken of defendants' offer either before or after the bringing of the suit.

The contract between the plaintiff and the defendants, Sidney L. and Madeline G. Stevens, (the suit having been dismissed as to the other defendant), was

an agency contract and created a relationship of trust and confidence between them and bound the plaintiff to deal fairly and honestly with the defendants, which the plaintiff failed to do. For this reason, it is inequitable, in fixing the attorney's fee, for the plaintiff to recover in the foreclosure suit as large a sum as he would have been entitled to had he dealt more fairly with the defendants.

■ Under the statute, however, (section 51-101, Oregon Code 1930), the plaintiff was entitled to a lien for the labor which he performed upon the building, but not for the labor performed by others. For their labor, they individually, and not the plaintiff, were entitled to claim a lien. The trial court recognized this distinction by entering a judgment only for the moneys advanced by the plaintiff and by refusing to grant a lien therefor. Section 51-109, Oregon Code 1930, provides that, in all suits for the foreclosure of a mechanic's lien, "the court shall, upon entering judgment for the plaintiff, allow as a part of the costs all moneys paid for the filing and recording of the lien, and also a reasonable amount as attorney's fees."

■ As above stated, the plaintiff sought to foreclose a lien not only for his own labor but for the additional sum of $207.99, and upon the last item, all of which was non-lienable under the statute, he recovered a judgment for $103.46. It is very questionable whether the plaintiff is permitted under our practice to recover a judgment for non-lienable items in a suit for foreclosure of a mechanic's lien, but, since that point has not been raised, we shall not pass upon that question. However, in view of the facts above stated, we think that the plaintiff ought not to recover from the defendants more than $25 as attorney's fees in the suit and

that the remainder of the attorney's fees ought to be borne by the plaintiff alone. For these reasons, this cause will be remanded with directions to allow only $25 as attorney's fees in the suit; in all other respects, the decree appealed from will be affirmed, and the defendants will be allowed costs in this court. Thus, the plaintiff will receive and the defendants will be required to pay approximately only such sums as would have been received and paid if the plaintiff had accepted defendants' offer before the commencement of the suit, or if the plaintiff had dealt honestly with the defendants.

The decree appealed from will be modified as above stated and the cause will be remanded for such further proceedings as are not inconsistent herewith.

BEAN, BAILEY and LUSK, JJ., concur.